## UNITED STATES ex rel. JORDAN v. ICKES, Secretary of the Interior.
### No. 8557.

United States Court of Appeals
District of Columbia.

Decided June 5, 1944.

Mr. Orin de Motte Walker, of Washington, D. C., for appellant.

Mr. Harry M. Edelstein, Assistant Solicitor, Department of the Interior, of Washington, D. C., with whom Mr. Jackson E. Price, Principal Attorney, Department of the Interior, of Washington, D. C., was on the brief, for appellee. Mr. Warner W. Gardner, Solicitor, Department of the Interior, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Appellant sought, unsuccessfully, to secure from the Secretary of the Interior prospecting leases for oil and gas upon submerged lands adjacent to the City of Long Beach, off the west coast of California. He then sued the Secretary in the District Court, seeking a declaratory judgment, a writ directing the Secretary to show cause, and an order directing him to execute and deliver leases for the lands described in his applications. Appellee's motion for a summary judgment was sustained.

The court rested its rejection of the prayer for coercive relief upon the decision of the Supreme Court in United States ex rel. McLennan v. Wilbur [1] and upon the decision of this court in Dunn v. Ickes.[2] It rejected the prayer for declaratory relief upon the authority of our decision in Doehler Metal Furniture Co., Inc. v. Warren.[3] Appellant contends that these cases are not conclusive, on the theory that (1) the McLennan case was "based not upon the law but upon an overproduction of oil and an assertion by the court that the Secretary of the Interior was acting in the public interest in conserving the oil lands," and further, that a subsequent amendment to Section 13 of the Mineral Leasing Act [4] deprived appellee of any dis-

---

[1] 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148.

[2] 72 App.D.C. 325, 115 F.2d 36.

[3] 76 U.S.App. 60, 129 F.2d 43.

[4] 30 U.S.C.A. § 221 note.

cretion in the granting of leases; (2) the Dunn case is not in point for there the land in dispute had been already patented, was not open for leasing and the applicant was not entitled to a lease; (3) the Doehler case is not in point because appellee does not possess the discretion which he claims under the Act. We agree with the District Court that these cases are controlling and that appellant's contentions are without merit.

The considerations of public policy which must be balanced in determining whether and when the public bounty shall be dispensed, with respect to public lands and minerals,[5] are just as important today as they were when the McLennan case was decided and require today, as much as then, the exercise of discretion by the Secretary. It was not the intention of Congress, in amending the earlier Act, to deprive the Secretary of discretion, except as concerned a very limited group of applications filed ninety days prior to the effective date of the amendment (August 21, 1935); in other words, two years prior to appellant's applications. The argument now made by appellant in this respect was rejected in the case of United States ex rel. Roughton v. Ickes,[6] upon which our later decision in Dunn v. Ickes was bottomed. No useful purpose would be served by elaborating, again, the frequently stated rule that the discretion of an executive officer cannot be controlled by judicial coercion;[7] especially where it involves the disposition of public lands.[8]

Appellant's incorrect assumption that the Secretary lacked discretion in the premises constitutes, also, the unstable foundation of his prayer for declaratory relief; which falls, therefore, along with his prayer for coercive relief. Lacking jurisdiction of his suit for direct relief, the court did not acquire jurisdiction, by virtue of the declaratory judgment statute,[9] to give, indirectly, relief which it could not give directly.[10]

It is not necessary, in view of our decision upon the foregoing points, to consider appellant's other contentions.

Affirmed.

---

[5] Ickes v. Underwood, 78 U.S.App.D. C. 396, 141 F.2d 546.

[6] 69 App.D.C. 324, 327, 101 F.2d 248, 251: "This contention of plaintiff must fall when the whole statute is studied. While the language quoted by plaintiff directs the Secretary to grant a prospecting permit, additional language following expressly limits this duty to those applications filed ninety days before the effective date of the act. This additional language is: 'Provided, That said application was filed ninety days prior to the effective date of this amendatory act [August 21, 1935].' The section further provides 'no prospecting permit shall be granted upon any application filed after ninety days prior to the effective date of this amendatory act [August 21, 1935]'; and further provides that 'any application for any prospecting permit filed after ninety days prior to the effective date of this amendatory act [August 21, 1935] * * * shall be considered as an application for lease under section 17 [section 226 of this title] hereof.'"

[7] Perkins v. Lukens Steel Co., 310 U. S. 113, 131, 60 S.Ct. 869, 84 L.Ed. 1108; United States v. George S. Bush & Co., Inc., 310 U.S. 371, 380, 60 S.Ct. 944, 84 L.Ed. 1259; Dakota Central Tel. Co. v. South Dakota ex rel. Payne, 250 U.S. 163, 184, 39 S.Ct. 507, 63 L. Ed. 910, 4 A.L.R. 1623; Hammond v. Hull, 76 U.S.App. 301, 131 F.2d 23; Proctor & Gamble Co. v. Coe, 68 App. D.C. 246, 248, 96 F.2d 518, 520.

[8] United States v. San Francisco, 310 U.S. 16, 29, 60 S.Ct. 749, 84 L.Ed. 1050; Ickes v. Underwood, 78 U.S.App.D.C. 396, 141 F.2d 546, and cases there cited.

[9] 28 U.S.C.A. § 400.

[10] Doehler Metal Furniture Co., Inc. v. Warren, 76 U.S.App. 60, 62, 129 F.2d 43, 45; Miles Laboratories, Inc. v. Federal Trade Commission, 78 U.S.App.D. C. 326, 140 F.2d 683.