## McMURTREY v. CLARK, U. S. Attorney General.

### No. 9214.

United States Court of Appeals District of Columbia.

Submitted July 16, 1946.

Decided Oct. 28, 1946.

Writ of Certiorari Denied Jan. 6, 1947.

See 67 S.Ct. 492.

Submitted on brief of appellant, pro se.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Daniel B. Maher, Assistant United States Attorney, both of Washington, D. C., were on the brief, submitted on brief for appellee.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

PER CURIAM.

This is an appeal from a judgment of the District Court dismissing appellant's complaint for a mandatory injunction under the Declaratory Judgments Act.[1]

Appellant had been tried and convicted by the District Court of the United States for the Western District of Louisiana, Shreveport Division, for unlawfully possessing with the fraudulent intent to utter a one dollar bill which had been altered to represent twenty dollars, and for the unlawful uttering and passing. The appellant was sentenced to penitentiary imprisonment on the first count.[2] He was thereafter committed to the United States Penitentiary at Leavenworth, Kansas, where he is now confined.

Appellant by his action in the District Court sought by mandamus to restrain the Attorney General from further execution of the judgment and commitment imposed upon appellant by a court of competent jurisdiction in Louisiana, on the ground that the same were void and of no effect, and also to require the Attorney General to order appellant discharged from his custody forthwith. The Government's motion to dismiss the complaint was granted by the court below and this appeal followed. We are of opinion that the action of the District Court was in all respects correct.

Under the federal statutes the Attorney General is made the conduit through which the sentence of a federal court in a criminal case is carried into effect. His duty is to designate the place of confine-

---

[1] Act of June 14, 1934, c. 512, 48 Stat. 955, 28 U.S.C.A. § 400.

[2] The imposition of sentence was suspended on the second count and the appellant was placed on probation.

ment, and that duty appears to have been fully discharged.[3] Appellant's liberty is now restrained on the judgment and sentence of a court of competent jurisdiction and it is well established that neither mandamus nor mandatory injunction may be invoked to review judicial decision. The writ neither creates nor confers power to act, and may be used only to compel the exercise of powers already existing. Obviously, the Attorney General has neither the duty nor power to declare a judicial judgment void, nor to authorize or command appellant's release from prison. To all of this may be added the rule that mandamus never lies except where there is no other remedy and here habeas corpus is still available.

The District Court was clearly without jurisdiction and the writ was properly denied.

Affirmed.

---

[3] 18 U.S.C.A. § 753f.