## PALMER v. WALSH.
### Civ. No. 3571.

District Court, D. Oregon.
May 28, 1948.

---

[1] No opinion for publication.

Francis E. Harrington, of Portland, Or., for plaintiff.

Henry L. Hess, U. S. Atty., and Edward B. Twining, Asst. U. S. Atty., both of Portland, Or., for defendant.

DRIVER, District Judge.

This action was brought by plaintiff, a former civil service employee of the War Department, against the District Engineer of the Portland District of that Department. For the purpose of this opinion, it is not necessary to detail the facts. It is sufficient to state that plaintiff contends she was wrongfully separated from her employment by defendant's predecessor in office.

Although it is clear that plaintiff. desires reinstatement to her former employment or to a comparable position, it is difficult to determine either from her complaint or from the pre-trial order which supercedes the pleadings, the specific character of the relief which she seeks. However, the action can conceivably be treated only in three ways (1) as in the nature of a petition for a writ of mandamus (2) as a suit for a declaratory judgment, or (3) as a suit for a mandatory injunction.

If plaintiff's action be considered as a petition for a writ of mandamus, the case of Petrowski v. Nutt, 9 Cir., 161 F.2d 938, cert.den. 68 S.Ct. 659, is controlling. There a writ of mandamus was sought against the Commanding Officer of Hickam Field, Hawaii, to restore petitioner to a Civil Service Position from which he claimed he had been illegally removed. The District Court's dismissal of the petition for want of jurisdiction was affirmed by the Ninth Circuit Court of Appeals. The opinion treats the subject of jurisdiction as follows:

"District Courts of the United States have no original jurisdiction to issue writs of mandamus in the absence of constitutional or statutory provisions conferring such jurisdiction. While it is clear that Congress has the power to confer original jurisdiction in mandamus on district courts, and has done so in certain instances, the statutory delegation in each instance has expressly enumerated and designated the court as being a district court and the writ as being a writ of mandamus. None of these instances of legislative authorization are applicable to the facts of this case. * * *"

"* * * Section 262 of the Judicial Code, 28 U.S.C.A. § 377, by its terms confers jurisdiction upon district courts to issue all writs not specifically provided for by statute. * * * Under this section, district courts may issue writs of mandamus when necessary to the exercise of their jurisdiction but not as original writs in any case. In this state of the law, the writ, when issued, would necessarily be auxiliary or ancillary in character and fashioned to preserve the jurisdiction given by other and original processes.

"Appellant advances the untenable argument that a rule peculiar to the practice in the district courts of the District of Columbia is applicable to his case. Those courts, in addition to being Federal Courts, are also charged with enforcement of the domestic law, and by the Act of 1801, 2 Stat. 103, creating them, they inherited jurisdiction in accordance with the laws of the State of Maryland then existing in the ceded area, which includes jurisdiction to issue writs of mandamus in original proceedings. See 34 Am.Jur., Mandamus, Sec. 18."

If the instant action be viewed as asking for a declaratory judgment of plaintiff's rights, the court lacks jurisdiction of the cause, since it is undisputed that the Declaratory Judgment Act, 28 U.S.C.A. § 400, did not enlarge the jurisdiction of the District Courts of the United States. See Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d

223, at page 226 cert.den. 296 U.S. 612, 56 S.Ct. 132, 80 L.Ed. 434, in which it was said: "The right of the court to assume jurisdiction is to be determined by the principles laid down in the Judicial Code. The Declaratory Act is in no respect amendatory of the Judicial Code either directly or by implication. If Congress had intended by this act to extend the jurisdiction of the courts in cases arising under it, it would have so stated in the act, and, in the absence of such statement or language clearly implying such intent, the act must be limited to the jurisdiction expressed therein."

See also Chicago Pneumatic Tool Company v. Ziegler, 3 Cir., 151 F.2d 784, 788 and United States ex rel. Jordan v. Ickes, 79 U.S.App.D.C. 114, 143 F.2d 152, 153, Cert.den. 320 U.S. 801, 64 S.Ct. 432, 88 L.Ed. 484.

The effect of the Declaratory Judgment Act in regard to the power to issue writs of mandamus was specifically considered in Doehler Metal Furniture Co. v. Warren, 76 U.S.App.D.C. 60, 129 F.2d 43, at page 45, cert.den. 317 U.S. 663, 63 S.Ct. 64, 87 L.Ed. 533, in an opinion written by Associate Justice Vinson for the U. S. Court of Appeals for the District of Columbia, in an action against the Comptroller General of the United States: "As pointed out, the only jurisdiction the District Court has ever had over the actions of the Comptroller General is that of mandamus. Mandamus is one of the extraordinary writs. It in itself is a special remedy. That a court has jurisdiction in certain extreme situations does not mean that it has a generic supervisory and appellate jurisdiction. Thus we hold that the power to issue writs of mandamus does not give a court such general jurisdiction over the agency or subject matter *as to enable it to choose another form of relief, the declaratory judgment, for cases in which the writ of mandamus itself could not be issued.* Plaintiff simply has not presented the kind of claim against the Comptroller General upon which any type of judicial relief, whatever its name, may be predicated. The giving of a declaratory judgment in this case would be in effect an unwarranted enlargement of the District Court's jurisdiction over the Comptroller and the General Accounting Office. *It is well enough to be attuned to the use of new remedial concepts, but it is something else to increase jurisdiction beyond the other provisions of law by a clever use of remedies."* (Emphasis added.)

The cited case arose in the District Court of the District of Columbia, which is a court of general jurisdiction with power to issue original writs of mandamus. The reasoning of Justice Vinson would, therefore, apply with added force to the other district courts of the United States, which, unlike the district court of the District of Columbia, are courts of limited jurisdiction, and have never had original jurisdiction to issue writs of mandamus except on specific statutory authorization.

The third position suggested, namely, that the present action be regarded as a suit for a mandatory injunction, is no more tenable than the other two. In Butler v. White, 83 F. 578, 587, the Circuit Court, sitting in the District of West Virginia, in an original proceeding, enjoined the Collector of Internal Revenue of that district from removing certain Civil Service employees from office, or transferring them to subordinate positions. The court conceded that had the plaintiffs actually been ousted from office, it would have had no power to order reinstatement to the office, but held that it did have the power by way of injunction, "to protect a party in the possession of his office until he had been ousted by a legal proceeding." There the plaintiffs' bill alleged that the defendant was about to remove them from their offices on political grounds, in violation of the Civil Service Act. 5 U.S.C.A. § 631 et seq. The Supreme Court of the United States, in White v. Berry, 171 U.S. 366, 18 S.Ct. 917, 921, 43 L.Ed. 199, and White v. Butler, 171 U.S. 379, 18 S.Ct. 949, 43 L. Ed. 204, reversed the lower court, and held that a court of equity has no jurisdiction over the appointment and removal of executive appointees. The opinion, quoting Judge Lurton in Morgan v. Nunn, C.C., 84 F. 551, recites that "a court of equity will not, by injunction, restrain an executive officer from making a wrongful removal of a

subordinate appointee, nor restrain the appointment of another."

The question of the power of a district court to grant a mandatory injunction against an administrative officer arose in the case of Branham v. Langley, 4 Cir., 139 F.2d 115, which was a suit to enjoin a draft board from delivering selectee for induction into the army as a Negro, and asking a mandatory injunction requiring the draft board to classify selectee as an Indian and order his induction into the army as a white trainee. In a per curiam opinion the appellate court affirmed the district court of West Virginia in its dismissal of the suit, saying: "A sufficient answer is that the prayer for mandatory injunction with respect to official action by members of the Board *is in effect a prayer for a writ of mandamus;* and the District Court is without power to grant such writ." (Emphasis added.)

From the foregoing authorities, it, therefore, appears that this court is without jurisdiction to hear the cause, whether it be considered as a petition for a writ of mandamus, an action for a declaratory judgment, or a suit for a mandatory injunction.

The action should be dismissed.