**CLARK, U. S. Atty.Gen., v. MEMOLO.**

No. 10078.

United States Court of Appeals
District of Columbia Circuit.

Argued March 22, 1949.

Decided May 9, 1949.

See also 72 F.Supp. 747.

Miss Rosalie M. Moynahan, Attorney, Department of Justice, Washington, D. C., with whom Messrs. Alexander M. Campbell, Assistant Attorney General, and George Morris Fay, United States Attorney, Washington, D. C., for the District of Columbia, were on the brief, for appellant. Messrs. John D. Lane and L. Clark Ewing, Assistant United States Attorneys, Washington, D. C., also entered appearances for appellant.

Mr. William H. Collins, Washington, D. C., for appellee.

Before WILBUR K. MILLER and PRETTYMAN, Circuit Judges, and WATKINS, District Judge, sitting by designation.

WATKINS, District Judge.

Appellee brought this action in the United States District Court for the District of Columbia to secure a declaratory judgment under the Declaratory Judgment Act [1] that a sentence imposed upon him by the United States District Court for the Middle District of Pennsylvania was illegal and void. From an order granting such relief the Attorney General prosecutes this appeal.

Two questions are here raised: (1) Did the District Court for the District of Columbia have jurisdiction to grant such relief? (2) Was the sentence illegal and void?

On June 19, 1945 appellee was sentenced to a term of imprisonment of 3 years for evasion of income taxes by the United States District Court for the Middle District of Pennsylvania. The judgment was affirmed by the Court of Appeals for the Third Circuit, United States v. Memolo, 152 F.2d 759, and certiorari denied Memolo v. U. S., 327 U.S. 800, 66 S.Ct. 902, 90 L. Ed. 1025. Thereafter, the District Court, of its own motion, set aside its sentence and awarded a new trial. The United States then filed a petition for a writ of mandamus to enforce the original sentence, which was denied by the Court of Appeals for the Third Circuit, United States v. Smith, 156 F.2d 642. Certiorari was granted, 329 U.S. 703, 67 S.Ct. 125, 91 L.Ed. 613, and on June 2, 1947, the Supreme Court reversed the Court of Appeals and directed that mandamus issue, United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610. He began to serve such sentence on July 26, 1946. While certiorari in the mandamus proceeding was pending in the Supreme Court, appellee was convicted and sentenced in the Middle District of Pennsylvania on March 24, 1947, with another judge presiding, to imprisonment for two years on a conspiracy charge. Pending appeal he was admitted to bail. This conviction was affirmed, United States v. Memolo, 3 Cir., 165 F.2d 42, and the mandate of the Court of Appeals was filed in the District Court on September 11, 1947. At that time appellee was incarcerated in the Lewisburg penitentiary. On October 27, 1947, an order was entered to the effect that the second sentence would run consecutively and not concurrently with the

---

[1] Act of June 14, 1934, c. 512, 48 Stat. 955, 28 U.S.C.A. § 400, now §§ 2201, 2202.

first sentence. Appellee claims that this change in sentence occurred after he had entered upon service of both sentences and amounted to an increase of two years in his total incarceration, or double punishment for the same offense, in violation of the Fifth Amendment to the Constitution, which provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." We believe that the order of October 27, 1947 constituted an increase in punishment after appellee had entered upon service of his sentence and was, therefore, invalid. However, we do not reach that question, because we believe that the District Court of the District of Columbia was without jurisdiction to grant the relief asked in this declaratory judgment action.

Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that the court which imposes an illegal sentence may correct it at any time. Section 2255 of the new Judicial Code, Title 28 U.S.C.A., which went into effect after this action for declaratory judgment was decided in the lower court, provides that an application for a writ of habeas corpus "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Appellee concedes that he had an adequate remedy to correct the sentence by motion in the court which imposed such sentence, but says that the District Court for the District of Columbia has jurisdiction to set such sentence aside upon the following theory:

Appellee says that the defendant, Attorney General of the United States, by and through his subordinate, the Director of the Bureau of Prisons, fails to recognize the illegality of the order of October 27, 1947, but is accepting the direction contained in such order whereby the sentences run consecutively, and refuses to certify a parole date based upon concurrent sentences, depriving him of the right for consideration as to parole. He says that his case is for all practical purposes in the nature of a mandamus case; that mandamus was abolished by Rule 81(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that relief heretofore available by mandamus may be obtained by appropriate action under other rules. He points to Rule 57 which provides that "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

It is well settled that the Declaratory Judgment Act does not confer or extend jurisdiction over an area not already covered, nor can it be used to give relief indirectly which could not be given directly. It does not enlarge the jurisdiction of district courts. Di Benedetto v. Morgenthau, 80 U.S.App.D.C. 34, 148 F.2d 223, certiorari dismissed 326 U.S. 686, 66 S.Ct. 25, 90 L. Ed. 402; United States ex rel. Jordan v. Ickes, 79 U.S.App.D.C. 114, 143 F.2d 152, certiorari denied 320 U.S. 801, 64 S.Ct. 432, 88 L.Ed. 484; Miles Laboratories, Inc., v. F. T. C., 78 U.S.App.D.C. 326, 140 F.2d 683, certiorari denied 322 U.S. 752, 64 S.Ct. 1263, 88 L.Ed. 1582. In Doehler Metal Furniture Co. v. Warren, 76 U.S. App.D.C. 60, 129 F.2d 43, 45, this court said: "Thus we hold that the power to issue writs of mandamus does not give a court such general jurisdiction over the agency or subject matter as to enable it to choose another form of relief, the declaratory judgment, for cases in which the writ of mandamus itself could not be issued." It is clearly established that mandamus will lie only to compel the performance of an indisputable duty. United States ex rel. United States Borax Co. v. Ickes, 68 App.D.C. 399, 98 F.2d 271, 281, certiorari denied 305 U.S. 619, 59 S.Ct. 80, 83 L.Ed. 395, and cases cited.

The only sentence known to the law is the sentence appearing on the records of the court. Should the record be inaccurate it may be corrected by appropriate motion. The judgment imports verity when collaterally assailed. Hill v. U. S. ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283. Until the order of October 27, 1947 is vacated, or amended, it is the only matter of record which may serve as a basis for computation of parole. On the face of that record the sentences are consecutive. The Attorney General must fol-

low that record in computation of parole eligibility dates. To do otherwise would amount to a collateral attack on such judgment by the Attorney General. In the present case a writ of mandamus would require the Attorney General (a) to disregard his duty as to the basis of computation imposed by statute, and (b) to declare a judgment void. In McMurtrey v. Clark, 1946, 81 U.S.App.D.C. 294, 157 F.2d 703, 704, certiorari denied 329 U.S. 805, 67 S.Ct. 492, 91 L.Ed. 687, this court said: "Obviously, the Attorney General has neither the duty nor power to declare a judicial judgment void * * *." Mandamus, if issued in this case, would require performance of an act contrary to the court order. Furthermore, mandamus will issue only where there is no other plain, adequate and complete remedy. United States v. ex. rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 543, 57 S.Ct. 855, 81 L.Ed. 1272. Here appellee has a complete remedy by motion to correct such sentence in the court where it was entered.

In McMurtrey v. Clark, supra, this court held that the United States District Court for the District of Columbia was "clearly without jurisdiction" of an action against the Attorney General brought under the Declaratory Judgment Act to restrain the Attorney General from further execution of the judgment and commitment imposed upon appellant by the District Court of the United States for the District of Louisiana on the ground that such judgment and commitment were void. The Government's motion to dismiss the complaint was granted by the court below, and upon appeal, this court said:

"Under the federal statutes the Attorney General is made the conduit through which the sentence of a federal court in a criminal case is carried into effect. His duty is to designate the place of confinement, and that duty appears to have been fully discharged. Appellant's liberty is now restrained on the judgment and sentence of a court of competent jurisdiction and it is well established that neither mandamus nor mandatory injunction may be invoked to review judicial decision. The writ neither creates nor confers power to act, and may be used only to compel the exercise of powers already existing. * * * To all of this may be added the rule that mandamus never lies except where there is no other remedy and here habeas corpus is still available."

■■ The Declaratory Judgment Act was designed to provide a remedy in a case or controversy while there is still opportunity for peaceable judicial settlement. It was the primary purpose of the act to have a declaration of rights not theretofore determined, and not to determine whether rights theretofore adjudicated have been properly adjudicated. To permit every person convicted in any United States District Court who claimed that his sentence was void because of a violation of his constitutional rights, such as double jeopardy, appointment of counsel, and the like, to maintain an action in the District of Columbia to set such sentence aside, would create a conflict of jurisdictions which was not contemplated or intended by the Declaratory Judgment Act. Di Benedetto v. Morgenthau, supra; Valenti v. Clark, D. C., D.C., 83 F.Supp. 167; United States v. Rollnick, D.C.M.D.Pa. 33 F.Supp. 863; Avery Freight Lines v. White, 245 Ala. 618, 18 So.2d 394, 154 A.L.R. 740. The action for declaratory judgment is not suitable and does not lie in the District of Columbia in such cases as a substitute for a motion to vacate or to correct the sentence in the court where it was imposed, or as a substitute for habeas corpus in the district where the unlawful detention occurs, or as a substitute for a new trial or appeal. Unless so restricted there would be no end to that kind of litigation. To hold otherwise would mean that all such actions for declaratory judgment could be brought only in the District of Columbia because this is the only district in which the Attorney General may be sued. Such procedure would not only hamper the enforcement of the criminal laws, but would be entirely unnecessary, since the existing remedies are entirely adequate to protect the rights of the prisoner.

■ Under the new Judicial Code a prisoner is required to apply for relief, by motion in the court which sentenced him, before making application for a writ of

habeas corpus on the ground that his sentence is illegal and void. This provision was recommended by a committee of the Judicial Conference to help solve the many difficulties arising from the flood of habeas corpus suits arising in districts far distant from the court where arraignment or trial was held or sentence imposed. "It is highly desirable in such cases that the motions be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred. It was to avoid the unseemly practice of having attacks upon the regularity of trials made before another judge through resort to habeas corpus that section 2255 of Title 28 was inserted in the Judicial Code." Carvell v. United States, 4 Cir., 173 F.2d 348. It would frustrate and circumvent the worthy purpose of this statute and entirely destroy its effectiveness to hold that a prisoner sentenced and imprisoned in Pennsylvania could test the validity of his confinement by means of an action for declaratory judgment against the Attorney General in the District of Columbia. The appalling result demonstrates that the Declaratory Judgment Act was never intended to become a vehicle to accomplish such a purpose.

For the reasons stated above we hold that the lower court was without jurisdiction to declare that the order of October 27, 1947, entered in the Middle District of Pennsylvania was void. This makes it unnecessary for us to decide the further questions as to whether the United States was a necessary party to this action.

Reversed.