**HURST v. UNITED STATES.**

**No. 4010.**

United States Court of Appeals
Tenth Circuit.

Feb. 17, 1950.

Rehearing Denied March 20, 1950.

Harley V. Hurst, pro se.

Robert E. Shelton, United States Attorney for Western District of Oklahoma and Haskell B. Pugh, Assistant United States Attorney, Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order denying a motion to vacate judgment and sentence under Section 2255, 28 U.S.C.A.

Appellant was indicted on two counts for violations of 12 U.S.C.A. § 588b [now 18 U.S.C.A. § 2113] (bank robbery) in the United States District Court for the Western District of Oklahoma. An indictment containing two counts was also returned against appellant in the same district, charging violations of 18 U.S.C.A. § 315 [now 18 U.S.C.A. § 2115] (robbery of a United States Post Office). He appeared before the trial court with counsel of his own choice and entered pleas of guilty to

the charges in both indictments. He was sentenced for a period of ten years on count one and given five years probation on count two in the bank robbery case; in the post office robbery case he was given a five year sentence on count one, to run concurrently with the sentence imposed in the bank robbery case, and five years probation on count two, making a total of ten years to be served in the two cases.

█ As the basis for his motion appellant sets forth numerous grounds, most of them pertaining to the manner of his arrest and arraignment. But, since appellant appeared before the sentencing court with counsel and entered pleas of guilty, we are not concerned with the manner of his arrest and arraignment, except insofar as it might have bearing upon his contention that his pleas of guilty were not freely, intelligently and voluntarily entered.

█ The circumstances leading to appellant's arrest and arraignment may be fairly stated as follows: On March 19, 1947, Roy Nicholson, an investigator of the Department of Public Safety of the State of Oklahoma, arrested appellant on a warrant for burglary issued in Garfield County, Oklahoma. The arrest was made in Shawnee, Oklahoma, and Nicholson at that time was accompanied by Robert D. Oswalt, an agent of the Federal Bureau of Investigation. Nicholson and Oswalt drove appellant to Chandler, where he was placed in the Lincoln County jail under instructions from the sheriff of Garfield County, and on the next day he was transported by officials to Enid, Oklahoma. While confined in the Garfield County jail at Enid he was questioned by F.B.I. agents on suspicion of bank robbery.

On April 7, a complaint was lodged before the United States Commissioner for the Eastern District of Oklahoma, charging appellant and others with robbery of the Clayton State Bank, Clayton, Oklahoma. On the same day he was transported by a state official to the Oklahoma County jail in Oklahoma City and surrendered to the custody of the United States Marshal for the Western District of Oklahoma. He was promptly arraigned before the United States Commissioner for the Western District on the complaint issued by the Commissioner for the Eastern District, and entered a plea of guilty. While confined in the Oklahoma County jail on the Eastern District charge, appellant was interviewed by F.B.I. agents, and on April 5 and 7, made written statements involving himself and others, in the robbery of the Bank of Nardin and the United States Post Office at Asher, both within the Western District of Oklahoma. Because of the matters contained in the written statements and other available evidence, a complaint was filed before the United States Commissioner for the Western District, charging appellant with robbery of the Nardin Bank, and he was arraigned that day. On April 15, a complaint was filed before the same Commissioner charging appellant with robbery of the Post Office at Asher. Upon request of appellant the Commissioner conducted a preliminary hearing on both charges, and pleas of not guilty were entered.

On May 5 appellant was indicted by Grand Jury in the Western District for robbery of the Nardin Bank and the Asher Post Office. On arraignment before the trial court appellant entered pleas of guilty. It is the judgments in these two cases that appellant now seeks to set aside by his motion to vacate.

At the hearing on the motion appellant testified that while he was confined in the jail at Enid and Oklahoma City F.B.I. agents continuously questioned him; that he was told if he did not cooperate and sign a confession they would see that he was sent to Kansas and given a life sentence on charges pending there. He stated that on one occasion the agents questioned him "nearly all day"; that he was told if he would sign the confession and enter pleas of guilty to the Nardin Bank and Asher Post Office robberies, the confession would not be used, and the many other state and federal charges would be dropped; that because of the threats and promises, and because he was so discouraged at being moved from place to place and kept in the "drunk cell", he finally signed the confession and entered his pleas of guilty.

The accused F.B.I. agents denied undue questioning or the making of any threats

or promises to obtain pleas of guilty. The agent present when the confession was made, testified that appellant made his confession upon learning that co-defendants had confessed, implicating him in numerous offenses.

The attorney employed by appellant and present when the pleas were entered testified that when he learned of the many charges pending against his client he advised him that it would be better to plead guilty to the Federal charges and throw himself upon the mercy of the court. .

He stated that before the pleas of guilty were entered he discussed the confession and its contents with his client and an F.B.I. agent; that at no time did the appellant intimate he had signed the same because he was discouraged or under duress. He further testified that before the court accepted appellant's pleas of guilty it inquired of him, as counsel, if he thought the pleas proper and he advised the court that he thought they were.

The trial court's finding that appellant's pleas of guilty were freely, intelligently and voluntarily entered is amply supported by the evidence, and its judgment denying the motion should be, and is, affirmed.

Affirmed.