## HURST v. UNITED STATES.

### No. 4359.

United States Court of Appeals
Tenth Circuit.

Dec. 7, 1951.

Harley V. Hurst filed briefs pro se.

Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., and Harry G. Foreman, Asst. U. S. Atty., Norman, Okl., filed a brief for the United States.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PER CURIAM.

An indictment containing two counts charging violations of 12 U.S.C.A. § 588b(a) [1] was returned against Hurst in the United States District Court for the Western District of Oklahoma. On May 13, 1947, on a plea of guilty theretofore entered, he was sentenced to the custody of the Attorney General for a period of ten years on count one and imposition of sentence on count two was suspended and he was placed on probation for a period of five years to commence at the expiration of the sentence imposed on the first count.

On March 29, 1949, Hurst filed a motion to vacate the judgment and sentence under 28 U.S.C.A. § 2255. On August 9, 1949, an order was entered denying the motion. On appeal, this court affirmed that order. Hurst v. United States, 10 Cir., 180 F.2d 835.

On June 18, 1951, Hurst filed a motion for a new trial based, in part, on alleged newly discovered evidence. On June 18, 1951, the trial court entered an order denying the motion. Hurst has undertaken to appeal from the order denying the motion for a new trial.

Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provides that "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment," and that "A motion for a new trial based on any other grounds shall be made within 5 days after verdict or finding of guilty * * *."

If the motion sought a reconsideration of the plea of guilty and judgment of conviction and sentence, it was not filed within the times fixed by Rule 33, supra.

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 2113.

Whether Rule 33 applies to a motion for a new trial on the ground of newly discovered evidence, in a proceeding under § 2255, supra, after an order denying the motion to vacate the sentence, we need not determine.

Many of the questions raised by the motion were adjudged adversely to Hurst in Hurst v. United States, supra. The other matters raised by the motion for a new trial clearly do not constitute grounds for relief under 28 U.S.C.A. § 2255.

The appeal is dismissed.