## HURST v. UNITED STATES.
### No. 4584.

United States Court of Appeals
Tenth Circuit.

April 8, 1953.

William P. Sullivan, Denver, Colo., for appellant.

Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

The petitioner is now in custody of the Attorney General under a ten-year sentence for bank robbery, 18 U.S.C. 2113, which, with good time allowance, will not expire until January 28, 1954. He was also placed upon probation for five years on another count in the same indictment, to begin when released from the ten-year sentence imposed on the first count. This sentence and judgment was imposed on a plea of guilty to an indictment returned in the Western District of Oklahoma. See Hurst v. United States, 10 Cir., 180 F.2d 835. Petitioner is also under a five-year sentence for bank robbery, imposed in the Eastern District of Oklahoma, to commence on the date when the petitioner is released from the custody of the Attorney General on the first sentence. See Hurst v. United States, 10 Cir., 177 F.2d 894.

By this motion for declaratory judgment, the petitioner seeks a declaration to the effect that the five-year sentence imposed in the Eastern District of Oklahoma is inoperative so long as the sentence and probation imposed in the Western District of Oklahoma are in force and effect. And, he also petitioned the court to advise him as to the exact date when the sentence and probation imposed in the Western District would terminate. This appeal is from a denial and judgment on the motion.

We agree with the trial court. This is not a declaratory action under Section 2201, 28 U.S.C. It is a motion in the original criminal proceedings in which the petitioner seeks only an advisory opinion on matters which are not ripe for decision.

He is now in custody of the Attorney General under a valid and subsisting sentence, and he cannot complain so long as he is thus lawfully confined. The judgment is affirmed.