**Harley V. HURST, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5537.**

United States Court of Appeals
Tenth Circuit.

April 25, 1957.

Rehearing Denied May 16, 1957.

Edward B. Towey and Robert L. Shanstrom, Denver, Colo., for appellant.

Frank D. McSherry, U. S. Atty., Muskogee, Okl. (Harry G. Fender, Asst. U. S. Atty., and Paul M. Brewer, Asst. U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and MURRAH and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

For convenience, reference will be made throughout to Harley V. Hurst as petitioner. Two indictments were returned against petitioner in the United States Court for Western Oklahoma. One, containing two counts, charged offenses (bank robbery) in violation of 12 U.S.C. § 588b, now 18 U.S.C. § 2113; and the other, also containing two counts, charged offenses (robbery of a post office) under 18 U.S.C. § 315, now 18 U.S.C. § 2115. Pleas of guilty were entered in both cases. In the bank robbery case, petitioner was sentenced to imprisonment for a period of ten years on the first count and was placed on probation for a period of five years on the second count. In the post office robbery case, he was sentenced to imprisonment for a period of five years on the first count, to run concurrently with the sentence of ten years imposed in the bank robbery case, and was placed on probation for a period of five years on the second count. Motions were filed under 28 U.S.C. § 2255 to vacate such sentences. The motions were denied and the orders were affirmed. Hurst v. United States, 10 Cir., 180 F.2d 835. Later, a motion was filed in the case seeking a new trial upon the ground of newly discovered evidence. The motion was denied, and the appeal therefrom was dismissed. Hurst v. United States, 10 Cir., 192 F.2d 930. An indictment returned in the United States Court for Eastern Oklahoma charged petitioner and Carl A. Doll with the offense of entering an insured state bank with the intent to commit larceny therein, in violation of 12 U.S.C. § 588b, now 18 U.S.C. § 2113. Petitioner and Doll were both convicted, and petitioner was sentenced to imprisonment for a period of five years, to begin on the date he was released from custody under the sentences imposed by the court in Western Oklahoma, or until discharged as provided by law. Separate motions were filed under 28 U.S.C. § 2255 to vacate the sentences. The motions were denied, and the orders were affirmed. Hurst v. United States, 10 Cir., 177 F.2d 894. A second motion filed by petitioner to vacate the sentence against him was denied and the order was affirmed. Hurst v. United States, 10 Cir., 217 F.2d 311.

Following the above outlined chain of proceedings, petitioner filed in the case in the Eastern District of Oklahoma a petition in which he sought to have the judgment and sentence interpreted, clarified, and corrected. He later filed an amended petition in which he asked that the judgment and sentence be declared null and void and that it be set aside. A full hearing was had at which petitioner and others testified and records were introduced. The motion was denied and this appeal followed.

In his personally prepared brief filed in this court, petitioner expressly abandoned the petition insofar as it sought interpretation, clarification, and correction of the judgment and sentence, thus leaving in the case only the question whether the court erred in refusing to vacate and set aside the judgment and sentence. The focal point of the argument attacking the validity of the judgment and sentence is that a United States Commissioner for the Western District of Oklahoma conducted the preliminary examination upon the charge subsequently laid in the indictment in this case; that the Commissioner acted upon a false, fraudulent, phoney, and crudely forged complaint; and that therefore the conviction of petitioner in this case constituted a violation of due process. A complaint was lodged with a United States Commissoner for Eastern Oklahoma, and a warrant was issued. A certified copy of the complaint was attached to the warrant, The warrant with the attached certified copy of the complaint was placed in the hands of a deputy United States Marshal for Eastern Oklahoma and he sent it by mail to the United States Marshal for Western Oklahoma. The original complaint remained in the custody of the Commissioner for the Eastern District of Oklahoma and was not before the Commissioner for the Western District at the

time of the preliminary examination. It is apparent that the Commissioner for Western Oklahoma acted upon the certified copy attached to the warrant. But that fact does not present any defect or deficiency which renders fatally infirm and therefore subject to collateral attack the judgment and sentence imposed upon petitioner in this case.

The order denying the petition is affirmed.

Lemmon, Circuit Judge, dissented.