Jack V. K. RAGAN, Appellant,

v.

COMMANDANT, U. S. DISCIPLINARY BARRACKS, FORT LEAVENWORTH, KANSAS, Appellee.

No. 6620.

United States Court of Appeals
Tenth Circuit.

April 15, 1961.

William G. Kemp, Denver, Colo., for appellant.

George T. Van Bebber, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Kansas City, Kan., was with him on the brief), for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Appellant, confined as a military prisoner in the United States Penitentiary at Alcatraz, California, filed in the United States District Court for the District of Kansas a document self-styled as a petition for a declaratory judgment. Named by title as the respondent was the Commandant, United States Disciplinary Barracks, Fort Leavenworth, Kansas. The body of the petition, asserting a claim to a declaration of rights under 28 U.S.C.A. §§ 2201 and 2202, alleges the lawfulness of petitioner's present confinement but pleads the existence of an additional sentence apparently to be executed upon completion of the present confinement and at Fort Leavenworth. The petition alleges that the additional sentence has been completely served as a matter of law and asks that any order for petitioner's anticipated removal to Leavenworth at some later date be declared void. The body of the petition does not mention the respondent Commandant nor does the record indicate the service of process upon him either personally or in his official capacity. The trial court dismissed the petition for want of jurisdiction, noting that the petitioner was not physically present within the court's jurisdiction, that the sentence complained of was not imposed by the United States District Court for the District of Kansas and that the relief sought was not presently available under the procedure attempted.

We agree with the trial court and find it presently unnecessary to dispute petitioner's broad premise that no specific procedural prohibition lies in the wording of the Declaratory Judgments Act preventing a determination of rights arising under the Criminal Code. But see Clark v. Memolo, 85 U.S.App.D.C. 65, 174 F.2d 978, certiorari denied Memolo v. United States, 327 U.S. 800, 66 S.Ct. 902, 90 L. Ed. 1025; Hurst v. United States, 10 Cir., 203 F.2d 710, certiorari denied Hurst v. Looney, 347 U.S. 1008, 74 S.Ct. 878, 98 L.Ed. 1133. It is presently sufficient to note that the instant petition does not show the existence of the respondent Commandant's participation in a present controversy, personally or officially, service upon him in either capacity, nor the consent of the United States to submit to a private suit if such be the theory of petitioner's claim. Other contentions made by appellant are without merit and the judgment is affirmed.