Eulogio Ramiro CLAUSELL, Plaintiff,

v.

Sander TURNER, Robert Kessler, and Paul K. Rooney, Defendants.

No. 68 Civ. 1904.

United States District Court
S. D. New York.

Jan. 21, 1969.

**534**

Eulogio Ramiro Clausell, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for defendant, Paul K. Rooney, Ezra H. Friedman, Samuel M. Eisenstat, Asst. U. S. Attys., New York City, of counsel.

## OPINION

HERLANDS, District Judge:

A fundamental issue of far-ranging importance raised by defendant Rooney's motion to dismiss the complaint in this declaratory judgment action is whether the validity of plaintiff's incarceration following trial, conviction and sentence can be collaterally attacked in a proceeding under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. (1964), or whether, under the circumstances of this case, the only possibly appropriate post-conviction proceedings are those authorized by special statutes, such as, a petition for habeas corpus, 28 U.S.C. § 2241 (1964) or a motion to vacate the sentence, 28 U.S.C. § 2255 (1964).

This issue, as well as certain other related questions, are decided adversely to the plaintiff for the reasons set forth in this opinion; and the complaint, accordingly, is dismissed.

### I.

*Plaintiff's Claims*

Claiming that his constitutional right to counsel has been violated, plaintiff seeks a judgment declaring that his conviction is invalid. In addition, plaintiff has asked the Court to reverse his conviction and to order his release from incarceration and custody.[1]

The gist of plaintiff's charge is that his counsel, defendant Turner, was absent at certain pre-trial proceedings and that Turner's law clerk, defendant Kessler (who apparently is not a member of the bar), was present in place of Turner, with the consequence that plaintiff's constitutional rights were inadequately safeguarded.

Defendant Rooney is an Assistant United States Attorney, who conducted the prosecuton of plaintiff's trial. It is not made indubitably clear whether the claim against Rooney is that he conspired with Turner and Kessler to deprive plaintiff of his right to counsel; or, though not a co-conspirator, he was aware of the facts and did not object; or, more likely, that Rooney is being sued nominally as a representative of the Attorney General, to whose custody plaintiff has been committed.

*Timeliness of Defendant-Rooney's Motion*

Rooney has moved to dismiss the complaint under Fed.R.Civ.P. 12(b) Before considering the merits of the motion, we must pass upon plaintiff's threshold attack that the motion has not been made timely and that Rooney is in default.

The argument that Rooney is in default is based on the fact that his answer had not been served as of the date the motion was noticed. The marshal's return discloses that Rooney was personally served on June 6, 1968 with the summons and complaint. Fed.R.Civ.P. 4(d) (5) provides that service upon an officer of the United States shall be made by serving the United States and

---

1. Plaintiff has apparently abandoned this particular claim for relief. See pp. 13–15, infra:

by serving such officer. Fed.R.Civ.P. 4(d) (4) states that service upon the United States is made "by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought" (or to a designated agent) and "by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia".

The marshal was not instructed by plaintiff to serve the United States Attorney for the Southern District of New York or his designated agent; and the marshall did not effect service upon the United States Attorney. However, the designated agent's docket sheet indicates that service was made upon the United States Attorney on June 13, 1968, presumably by Rooney personally or at his request.

Fed.R.Civ.P. 12(a) requires the defendant-officer to serve his answer to the complaint within sixty days after the service of the complaint upon the United States Attorney. Thus, the time to answer would have expired on August 12, 1968, were it not for the timely notice of motion to dismiss which was filed in the Clerk's Office of the Southern District of New York on August 12, 1968, returnable September 10, 1968, a copy of which was mailed to plaintiff on August 12, 1968.

*Grounds of the Motion*

There are three prongs to the motion:

(1) The movant argues that he was not a party to the criminal proceeding; that he does not have custody or control of plaintiff; and, therefore, even if a judgment were entered in accordance with plaintiff's requests, he would not be in a position to effectuate the judgment.

(2) Even if the movant were deemed a proper party (under some possible theory of conspiracy or acquiescence whereby plaintiff's right to counsel was denied), he contends that the complaint should be dismissed because plaintiff failed to join an indispensable party— the United States. The judgment of conviction was obtained by the United States. Plaintiff is incarcerated in a Federal prison in the custody of the Attorney General. Manifestly, the United States has an important interest in the action which would be unprotected, Fed.R.Civ.P. 19(a) (2) (i); and, more importantly, the United States or the Attorney General is the only party which can insure that complete relief will be granted to plaintiff, should he prevail on the merits of his claim. Fed.R.Civ.P. 19(a) (1).

(3) Finally, Rooney urges the Court to dismiss the action for the asserted reason that a declaratory judgment action is an improper method of presenting the issues posed in this case. Moreover, Rooney argues, even if the Court were to treat the complaint as a petition for habeas corpus, 28 U.S.C. § 2241 (1964) or a motion to vacate the sentence, 28 U.S.C. § 2255 (1964), it must be dismissed because the underlying claims were raised and rejected in a direct appeal from the conviction.

■ The Court concludes that this action may not proceed without the joinder of the United States as a party. The gravamen of the complaint is that the conviction secured by the United States is invalid because, at certain critical pretrial proceedings, plaintiff was without the effective assistance of counsel. Thus, the essential interest at stake is that of the United States since the conviction secured by it (through Rooney, as its agent only) is being attacked.

Rule 19(a) of the Federal Rules of Civil Procedure provides that when a determination is reached that a party is needed for just adjudication, he shall be ordered joined. However, the Court is reluctant to compel such joinder for it appears that the instant declaratory action cannot be maintained even if the United States were joined as a defendant.

It is questionable whether the United States can ever be sued under the De-

claratory Judgment Act, 28 U.S.C. § 2201 et seq. (1964). See Innes v. Hiatt, 57 F.Supp. 17 (E.D.Pa.1944); Yeskel v. United States, 31 F.Supp. 956 (D.N.J. 1940). But see King v. United States, 390 F.2d 894, 182 Ct.Cl. 631 (1968), cert. granted, 393 U.S. 1013, 89 S.Ct. 624, 21 L.Ed.2d 558 (1969).

 Moreover, while resort to the Act may be made as an alternative to other remedies, Advisory Committee Note to Fed.R.Civ.P. 57, 28 U.S.C.A. Rules, Rule 57 at p. 568, the Supreme Court has stated that, where special statutory proceedings have been provided, declaratory relief should not be granted. Katzenbach v. McClung, 379 U.S. 294, 296, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964). Sections 2241 and 2255 of Title 28 U.S.C. are special statutory provisions that empower a prisoner in custody to attack collaterally his conviction, sentence, and incarceration. Consequently, this Court is of the opinion that it should not exercise jurisdiction over a declaratory judgment action raising questions regarding the validity of a conviction.

Other courts have, generally, arrived at the same conclusion. In Clark v. Memolo, 85 U.S.App.D.C. 65, 174 F.2d 978 (1949), plaintiff brought a declaratory judgment action in the District of Columbia against the Attorney General, challenging the validity of a consecutive sentence imposed allegedly for the same offense. The court explicitly held that a declaratory judgment proceeding could not be substituted for the special procedure established by 28 U.S.C. § 2255 (1964), that requires the prisoner to move the district court which 'had imposed sentence to vacate or modify.

Similarly, in Hurley v. Lindsay, 207 F.2d 410 (4th Cir. 1953), the court affirmed the dismissal of a declaratory action seeking a review of commitment orders and sentences imposed, on the grounds that the proper procedure was to move under 28 U.S.C. § 2255 (1964). The court relied on Clark v. Memolo,

supra, and quoted particularly apposite language:

"It was the primary purpose of the act to have a declaration of rights not theretofore determined, and not to determine whether rights theretofore adjudicated have been properly adjudicated." Clark v. Memolo, supra, 174 F.2d at 981; Hurley v. Lindsay, supra, 207 F.2d at 411.

Plaintiff leans heavily upon Hurley v. Reed, 110 U.S.App.D.C. 32, 288 F.2d 844 (1961). In that case, a prisoner sought a declaratory judgment that his reincarceration after an alleged parole violation was invalid for the reason that he had been denied counsel at a hearing before the Board of Parole. The court held that a declaratory judgment action was an acceptable alternative to habeas corpus where the intention was to secure judicial review of a final determination of an administrative agency, pursuant to Section 10 of the Administrative Procedure Act (A.P.A.), 5 U.S.C. § 1009 (1964), now 5 U.S.C. § 701 et seq. (Supp. II 1966). The court concluded that this holding was mandated by the legislative history of the A.P.A. and a broad reading of the Declaratory Judgment Act and Fed.R.Civ.P. 57. The court did detail the holding of Clark v. Memolo, supra, but evidently did not find it controlling in light of other cases which similarly dealt with proceedings in the nature of judicial review of agency action. It did not, however, repudiate Clark v. Memolo, nor did it articulate any distinction.

Despite the uncertainty engendered by Hurley v. Reed, the Eighth Circuit in Gajewski v. United States, 368 F.2d 533 (8th Cir. 1966), cert. denied, 386 U.S. 913, 87 S.Ct. 865, 17 L.Ed.2d 786 (1967), decided that a declaratory judgment action could not be utilized as an alternative to a motion to vacate sentence under 28 U.S.C. § 2255 (1964). The Fifth Circuit is in agreement, see Coronado v. United States, 341 F.2d 918 (5th Cir. 1965), and the Sixth Circuit, though dealing with state convictions, apparently is of the same view. In a line of per

curiam opinions that court has consistently stated that the Declaratory Judgment Act "cannot be used as a substitute for appeal, habeas corpus, coram nobis or other procedures enjoying currency among the many now seeking release from prison." Forsythe v. Ohio, 333 F.2d 678, 679 (6th Cir. 1964). See also Ruip v. Kentucky, 400 F.2d 871 (6th Cir. 1968); Scruggs v. Henderson, 380 F.2d 981 (6th Cir. 1967); Olney v. Ohio, 341 F.2d 913 (6th Cir. 1965).

Katzenbach v. McClung, supra, must be read as rejecting the broad scope of jurisdiction under the Declaratory Judgment Act that Hurley v. Reed relied upon. The holding of Clark v. Memolo, and those of the other cases cited above, seems more consonant with the policy announced by the Supreme Court, in Katzenbach v. McClung, that courts should refrain from exercising jurisdiction under the Declaratory Judgment Act where special statutory proceedings have been established to grant the relief sought by the declaratory action.

Upon analysis, Hurley v. Reed and Clark v. Memolo are not found to be inharmonious. Habeas corpus was said to be the alternative proceeding by which plaintiff in Hurley v. Reed could raise what was essentially a matter of judicial review. The ultimate issue and relief sought there was whether counsel had been denied at an administrative hearing. It was not alleged that this lack of counsel, *ipso facto*, entitled plaintiff to his release, and as such, the subject matter of the declaratory judgment action did not precisely fall within the contemplation of the habeas corpus statute, 28 U.S.C. § 2241 (1964). However, in Clark v. Memolo, as here, the release from custody and the vacating of sentence, practically speaking, are the ultimate relief sought—and as a consequence the special statutory proceeding provided for in § 2255 should be followed. See Sobell v. Attorney General etc., 400 F.2d 986, 990–991 (3d Cir. 1968) (Freedman, J. concurring in part and dissenting in part).

In any event, the definitive resolution of this issue is not a prerequisite for a complete adjudication of this motion. The Court has the power to treat the complaint, though denominated a declaratory judgment action, as an application under § 2255. Coronado v. United States, supra. Plaintiff is appearing *pro se*. Accordingly, the Court is not disposed to dismiss this action simply because plaintiff has not framed his allegations precisely or labeled his complaint with the correct technical rubric. In the interest of justice, the Court prefers to treat the complaint as an application brought under § 2255.

Plaintiff, in his answering papers, however, has forcefully and explicitly stated that it is not his intention to move under § 2255, and that he opposes any such action by the Court on its own initiative. Apparently, plaintiff is convinced that, should the complaint be deemed a motion under § 2255, it would have to be denied because the questions presented were raised in his direct appeal of the conviction and rejected by the Court of Appeals, thus precluding collateral attack based on the same grounds.

This fear is well founded. It cannot be disputed that a § 2255 application may not be based upon alleged legal errors which were or could have been raised on appeal. See, e. g., DeMaro v. Willingham, 401 F.2d 105 (7th Cir. 1968); Genovese v. United States, 378 F.2d 748 (2d Cir. 1967); United States v. Marchese, 341 F.2d 782, 789 (9th Cir.), cert. denied, 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965); Matysek v. United States, 339 F.2d 389, 391 (9th Cir. 1964), cert. denied, 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965); United States v. Jenkins, 281 F.2d 193–194 (3d Cir. 1960). See also United States v. Re, 372 F.2d 641, 645–646 (2d Cir.) (concurring opinion), cert. denied, 388 U.S. 912, 87 S.Ct. 2112, 18 L.Ed.2d 1352 (1967).

In plaintiff's direct appeal, he submitted to the Court of Appeals a Peti-

tion to Amend Brief, dated December 22, 1967, after the argument, wherein plaintiff set forth, in greater detail than presented in the instant case, his contentions as to the violation of his right to counsel. The Court of Appeals, in its per curiam affirmance of plaintiff's conviction, concluded as follows:

"We have considered the additional arguments raised by appellant pro se in his petition to amend brief, dated December 22, 1967, and find them devoid of merit." United States v. Clausell, 389 F.2d 34, 35 (2d Cir. 1968).

If this is the reason why plaintiff resists the treatment of his present action as an application under § 2255, the Court is of the opinion that it will be of no aid to plaintiff if the Court treats the case as one under the Declaratory Judgment Act, even if the action could be so litigated.

 The policy which has led to the development of the doctrine that matters which were or could have been raised on appeal may not furnish grounds for collateral attack of a conviction, would appear to be as cogent when the proceeding is in the nature of a declaratory judgment action or habeas corpus petition or a motion to vacate or modify sentence. In order for the judicial system to function in a manner that will ensure speedy justice, courts must adhere to the principle that once an issue has been raised and decided, it may not thereafter be litigated anew. While the Court of Appeals did not hear argument on the issue, it did have a complete record of proceedings in the Criminal Calendar Part and the appearances by counsel there. Plaintiff's claim was considered, in light of this record, and rejected as devoid of legal merit. As such, the question is now foreclosed; and this Court is estopped to order a hearing on the merits of plaintiff's claims.

Thus, whether the Court treats the action as one made under § 2201 or §

2255, the Court must, and hereby does, grant Rooney's motion to dismiss.

## II.

Plaintiff, in his Motion and Addendum to Amend Relief Sought Within Declatory [sic] Judgment Pursuant to Rule 13(f) F.R.C.P. Title 28, United States Code ("addendum") at 3, apparently seeks to modify his original request for relief, deleting the request for an order vacating his sentence and releasing him from custody, and substituting a series of questions raising the same issue of Kessler's alleged representation as counsel. (See also plaintiff's Letter of September 24, 1968 addressed to this Court). If plaintiff's addendum is treated as an amendment of the pleadings of right pursuant to Fed.R.Civ.P. 15(a), as apparently is plaintiff's intent (though the form of such amendment is understandably deficient), the question then posed is whether the newly formulated complaint should nevertheless be dismissed. The Court is of the opinion that it should be so dismissed.

While the complaint no longer seeks relief which only the United States or the Attorney General is capable of effecting, the subject matter of the suit still consists of an attack upon the validity of the conviction obtained by the United States. The interest of the United States is so direct and substantial that the United States should have been joined as a party defendant, for the reason expounded earlier in this opinion.

Moreover, the Court is still confronted with the same grave doubt with respect to plaintiff's right to maintain a declaratory judgment action against the United States and with respect to the propriety of the use of the declaratory judgment procedure to review the legality of incarceration. Plaintiff may not seek to litigate the abstract legal questions presented unless they are material to an actual controversy. Unless a determination of these questions is to serve as the predicate for a request to have the sentence vacated and plaintiff ordered re-

leased, the Court would not have subject matter jurisdiction to hear the matter.[2] Once this action is acknowledged to be such a predicate, the conclusion that it is an improper substitute for a § 2255 proceeding becomes clear.

In addition, the Court believes that the estoppel discussed above—which would bar relitigation of the right to counsel issue even in an action styled as a declaratory judgment—precludes the Court's consideration of this case even when plaintiff's addendum is controlling as to the relief sought. The doctrine of res judicata must apply irrespective of the form in which the same legal issues are raised the second time.

Accordingly, the Court hereby dismisses plaintiff's complaint as to defendant Rooney.

So ordered.

---

**2.** There being no allegations of diversity of citizenship, only an action based upon the United States Constitution, statutes or treaties may be entertained. The facts relied upon do not seem to give rise to any federal cause of action except one seeking release from custody or to reverse an invalid conviction.