John Henry **MOWERS**,
Plaintiff/Petitioner,

v.

UNITED STATES ATTORNEY GENER-AL and United States Attorney for the Southern District of New York, Defendants/Respondents.

No. 68 Civ. 4162.

United States District Court
S. D. New York.

March 25, 1969.

John Henry Mowers, pro se.

Robert M. Morgenthau, U. S. Atty., S.D.N.Y., by Kevin J. McInerney, New York City, of counsel, for defendants-respondents.

## OPINION

EDELSTEIN, District Judge.

This is an action for a declaratory judgment brought under 28 U.S.C. § 2201 in which the plaintiff seeks to have 18 U.S.C. § 371, a section generally deeming conspiracies to commit offenses against the United States punishable, declared unconstitutional essentially on the ground that it does not specifically command that when an alleged co-conspirator testifies for the government the prosecution must reveal at trial any kind of reward that was offered as an inducement for that testimony. A mandatory injunction against the enforcement of 18 U.S.C. § 371 is also sought. Plaintiff, proceeding pro se, is currently in federal custody, having pleaded guilty to and having been convicted of two substantive counts of counterfeiting offenses and one count of conspiracy to commit counterfeiting offenses. Plaintiff has moved under Rule 19(a) F.R.Civ.P. for joinder of the United States as a defendant; the defendants do not oppose this mo-

tion. This matter came before this court originally on a motion under Rule 12(b), F.R.Civ.P. to dismiss the action. The motion to dismiss is granted.

▬ An action for a declaratory judgment will not lie where the record does not disclose the existence of an actual controversy between the parties. *E.g.*, Public Service Commission v. Wycoff Co., Inc., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); Lebowich v. O'Connor, 309 F.2d 111 (2d Cir. 1964). In the instant case plaintiff has failed to allege the existence of such a controversy or that he is or will be a party to an action affected by 18 U.S.C. § 371. He merely avers, instead, that he is bringing this action as a citizen of the United States, and that since he is seeking injunctive relief against a statute claimed to be unconstitutional, his action should be presented to a three-judge statutory court.*

▬ In fact, the only possible ground upon which a substantial controversy between the parties could be founded in this case is plaintiff's previous conviction under the section, 18 U.S.C. § 371, which he is now challenging. However, even this cannot sustain plaintiff's action for declaratory relief. Generally, it is the rule that the existence of another adequate remedy does not preclude the maintenance of an action for a declaratory judgment. Rule 57, F.R.Civ.P. But it is an exception to this rule that in cases where special statutory remedies have been provided declaratory relief should not be granted. Katzenbach v. McClung, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964). 28 U.S.C. § 2255 specifically provides a remedy whereby the plaintiff could challenge his conviction, and, because of

this, issues involving the validity of plaintiff's conviction should not be considered in an action for declaratory judgment. Hurley v. Lindsay, 207 F.2d 410 (4th Cir. 1953); Clark v. Memolo, 85 U.S.App.D.C. 65, 174 F.2d 978 (1949); Clausell v. Turner, 295 F.Supp. 533 (S.D.N.Y.1969).

Plaintiff insists that he is not challenging his conviction and that therefore he is not required to move under Section 2255. But, as already noted, if he is not challenging his conviction, then he is without any semblance of the required standing to bring a declaratory judgment action.

▬▬ Matters raised by a plaintiff presently in custody and proceeding pro se should be construed liberally. Accordingly, despite his protestations to the contrary, plaintiff's action could be treated as a motion brought under Section 2255. However, even in that case, plaintiff still cannot succeed since his conviction is based upon a plea of guilty made while represented by counsel, and in the absence of a claim that it was involuntarily given, such a plea constitutes an admission of guilt and a waiver of all nonjurisdictional defects in the conviction. United States ex rel. Ross v. McMann, 409 F.2d 1016 (2d Cir. 1969); Taylor v. United States, 385 F.2d 835 (8th Cir.) cert. denied 393 U.S. 879, 89 S.Ct. 181, 21 L.Ed.2d 153 (1968); United States v. Ptomey, 366 F.2d 759 (3rd Cir. 1966); United States v. Doyle, 348 F.2d 715 (2d Cir.) cert. denied 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965).

For the reasons stated the motion to dismiss is granted.

Defendants' motion to dismiss having been granted, plaintiff's motions for a three-judge statutory court must be dismissed as moot.

So ordered.

---

* This court has in fact deemed plaintiff's argument to be a motion under 28 U.S.C. ▬ §§ 2282 and 2284 for the convening of a three-judge statutory court.