**MILES LABORATORIES, Inc., v. FEDERAL TRADE COMMISSION et al.**

No. 8595.

United States Court of Appeals
District of Columbia.

Argued Jan. 10, 1944.

Decided Feb. 7, 1944.

Mr. James F. Hoge, of New York City, with whom Messrs. Preston B. Kavanagh and Preston C. King, Jr., both of Washington, D. C., were on the brief, for appellant.

Mr. Cyrus B. Austin, of Washington, D. C., member of the Bar of the Court of Appeals of the State of New York, pro hac vice, by special leave of Court, with whom Messrs. William T. Kelley, Chief Counsel, Federal Trade Commission, and Edward M. Curran, United States Attorney, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

GRONER, C. J.

Appellant is an Indiana corporation and is engaged in the sale and distribution in interstate commerce of certain medical preparations described as "Dr. Miles' Nervine," "Dr. Miles' Nervine Tablets," and "Dr. Miles' Anti-Pain Pills." The sales of these products amount to around a million dollars annually.

684

Stated in general terms, the present controversy grows out of the fact that some two or three years ago the Federal Trade Commission, after an investigation, reached the tentative conclusion that appellant's advertising material failed fully to reveal that these preparations, if used by individuals in excess of the dosage recommended, might result in harm to the users. In consequence the Commission addressed a communication to appellant, notifying it of this finding, and suggesting the disposition of the matter by stipulation. This contemplated an agreement on the part of appellant to revise its advertising matter to include a warning to the public in line with the conclusions of the Commission; or, stated in the language of the Commission, so as to reveal to purchasers that its preparations, if used in excess of the dosage recommended on its labels, would be dangerous to health and cause mental derangement, skin eruptions or collapse or dependence upon the drug. The Commission offered as an alternative, that if the directions for the use of the preparations appearing on the labels were changed to contain warnings, in similar language to that just used, of dangers of excessive use, the advertisements need contain only the cautionary statement "Caution, Use Only As Directed."

Appellant declined the Commission's offer to stipulate and brought this suit in the District Court under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, seeking a declaration as to the limits of the Commission's authority to dictate and control the contents of appellant's labeling and advertising. The suit was dismissed on the Commission's motion upon the ground that the court was without jurisdiction of the subject matter.[1] An appeal to this court followed.

 The Federal Trade Commission Act, 15 U.S.C.A. § 41 et seq., defines unlawful advertising as that which is misleading in a material respect, or which in-duces the purchase of drugs injurious to health under the conditions prescribed in the advertisement or under such conditions as are customary or usual, and which fails to reveal material facts with respect to the consequences which may result from the use under the conditions advertised.[2] Appellant says that nothing appears in any of its advertising or labeling contrary to these provisions; that all of its labels, as well as its advertisements, contain accurate statements of the active ingredients in its medicines, the purposes for which they are to be used, as well as the safe and proper doses to be taken; and all of this is admitted on the motion to dismiss. Appellant, therefore, insists that the action of the Commission in demanding that it include in its advertisements, or at its option on its labels, a statement to the effect that the excessive use of any of the medicines may result in mental derangement or cause collapse or dependence upon the drug, is wholly beyond the power of the Commission. But appellant admits, as of course it must, that the Act does give the Commission power, after notice and hearing, to prohibit false advertising of drugs, as that term is defined in the Act; and that is the provision on which the Commission based its right to request a stipulation that appellant conform its advertising to the Commission's construction of the statute, as an alternative to a proceeding by the Commission to seek to accomplish the same end through the issuance of a "complaint." We see no objection to this procedure. Certainly, there can be no contention that the Commission is without statutory authority to issue a complaint when it "has reason to believe" that someone is using misleading matter in the advertising and sale of its medicinal products —for the Act specifically so provides.[3] Whether, having issued a complaint and held a hearing, its decision on the facts or on the law is correct is a question which cannot be challenged in a District Court, either before or after the event, for in

[1] Miles Laboratories v. Federal Trade Comm., D.C., 50 F.Supp. 434.

[2] 15 U.S.C.A. §§ 52(a), 54(a), 55(a). § 55(a) provides: "The term 'false advertisement' means an advertisement, other than labeling, which is misleading in a material respect; and in determining whether any advertisement is misleading, there shall be taken into account (among other things) not only representations made or suggested by statement, word, design, device, sound, or any combinations thereof, but also the extent to which the advertisement fails to reveal facts material in the light of such representations or material with respect to consequences which may result from the use of the commodity to which the advertisement relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual."

[3] 15 U.S.C.A. §§ 45(b), 52(b).

such case an appeal to an appropriate court of appeals is made the exclusive remedy.[4] Here, as we have seen, appellant's contention is that its advertisements are lawful and hence do not offend the Act, and that its labels are matters not within the scope of the Act, as the result of which the Commission has no lawful right to issue its complaint in the one case or the other, and that accordingly it ought to be saved the expense and embarrassment of a long and useless Commission proceeding. The Commission denies, and we think correctly, that it is attempting to regulate appellant's labels. All that it said on that subject was to offer that means of correction as a choice which appellant could take or leave as it pleased. However desirable it may be thought that appellant, when challenged as to its methods of business, should have recourse to a court of equity to construe the extent of the Commission's power in a case in which it is made to appear that a public hearing will result in irreparable injury, nevertheless, it has been held so often as not to require citation of authority, that for a Federal Court to assume the right to suspend the Commission's investigation, while it determines controversial questions of law or fact, would be a clear assumption of power it does not possess. The administrative remedy which Congress has provided must be first exhausted. To hold otherwise, the Supreme Court has recently and explicitly said,[5]

" * * * would * * * in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance." That the Supreme Court will change or modify its views in this respect is an "iridescent dream," for the trend is decidedly the other way. On no subject is the opinion of that Court, as I view it, more definitely fixed than it is on the lack of power of the courts to inject themselves or be injected into proceedings which Congress has committed to the primary jurisdiction of administrative agencies. Indeed, it has been held in some cases that even a right of review, if not provided in the statute, may not be supplied by the courts;[6] and this doctrine was recently extended to a case in which the claim was that the action of the Board was arbitrary and unreasonable. See Per Curiam, December 6, 1943, In re Brotherhood of Ry. & S. Clerks v. United T. S. E. of America, 64 S. Ct. 260.[7]

In the present case and on the present record—if the question were open —it might very well be argued that appellant's advertising is neither false nor misleading, when considered in the light of the statutory provision requiring no more than a revelation of all material consequences which may result from the use of the product in the customary way or under the conditions prescribed in the advertisement. But since the matter is not open, we have no occasion to examine or weigh questions of fact or law, since they are in the first instance within the exclusive jurisdiction of the Commission and its decision when made is subject to challenge only as provided in the Act; nor is there anything in the Declaratory Judgment Act which changes this result or creates new rights or increases or extends the jurisdiction of the courts. Doehler Metal Furniture Co. v. Warren, 76 U.S. App.D.C. 60, 129 F.2d 43, 45.

We are, therefore, of opinion that the District Court was in all respects correct in holding that it lacked jurisdiction of the subject matter of the complaint.

Affirmed.

---

[4] 15 U.S.C.A. § 45(d).

[5] Myers v. Bethlehem Corp., 303 U.S. 41, 50, 58 S.Ct. 459, 463, 82 L.Ed. 638.

[6] Louisiana v. McAdoo, 234 U.S. 627, 633, 34 S.Ct. 938, 58 L.Ed. 1506.

[7] In this case we had held, on appeal from the National Mediation Board, that its certificate forcing some forty-five "Red Caps" employed in the Union Station in St. Paul, against their will and desire, to be represented as to hours of work, rates of pay and redress of grievances by the Brotherhood of Railway Clerks, which they were not permitted to join because of their race, was arbitrary and in the teeth of both the word and spirit of the Act. The reversal by the Supreme Court on the authority of Switchmen's Union, etc., v. Nat. Mediation Board, 64 S.Ct. 95, decided November 22, 1943, determined that Congress had created a "right" which it had delegated authority to the Board alone to apply and which no court could review.