GEORGE M. MOFFETT, Plaintiff and Appellant, *v.* RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, ET AL., Defendants and Appellees.

No. 9081.  Argued April 6, 1945.—Decided April 25, 1945.

*James R. Beverley, R. Castro Fernández,* and *José López Baralt* for appellant. *Jesús A. González, Acting Attorney General, Fernando B. Fornaris,* and *Ramón Gandía Biscombe, Assistant Attorneys General,* for appellee Treasurer of Puerto Rico. *Damián Monserrat, Jr., Gabriel de la Haba,* and *Rafael Baragaño, Jr.,* for appellee Banco Popular.

Mr. Chief Justice Travieso delivered the opinion of the court.

The plaintiff has applied for a declaratory judgment upon the following questions:

1. On July 1, 1942, Banco Popular de Puerto Rico, as trustee of the common stockholders of South Porto Rico Sugar Company of New Jersey, received from the partnership Russell & Co., Sucesores, certain sums of money to be distributed, as dividends, among said stockholders at the rate of 50¢ per share of stock.

Pursuant to the provisions of the Income Tax Act in force on July 1, 1942,—§ 22, as amended by Act No. 31 of April 12, 1941 (Laws of 1941, p. 478); § 12(*a*), as amended by Act No. 159 of May 13, 1941 (Laws of 1941, p. 972); and § 13(*a*), as amended by Act No. 23 of November 21, 1941 (Spec. Sess. Laws, p. 72)—when making such distributions, the bank deducted and withheld in the case of each stockholder the amounts of the normal tax and surtax provided by said Sections.

The dividend accruing to the plaintiff, on 21,699 shares, amounted to $10,849.50. In accordance with the law then in force, the bank withheld the normal tax of 8 per cent on that amount, and it withheld, as surtax, the sum of $269.47, the plaintiff being an American citizen not residing in Puerto Rico. The total amount withheld in the case of the plaintiff was $1,137.43.

Plaintiff alleged that § 12(*a*) of the Income Tax Act "is unconstitutional and void in that it discriminates between American citizens and aliens and between American citizens residing in Puerto Rico and nonresident American citizens,"

by imposing on resident individuals a normal-tax rate lower than the one imposed on nonresidents. He further alleged that if the tax imposed upon him were to be assessed at the rate fixed for American citizens residing in the Island, he would have to pay a total of $1,067.43, instead of the $1,137.43 which has been withheld in this case.

2. By virtue of Act No. 20 of December 3, 1942 (Spec. Sess. Laws, p. 96), §§ 22(a), 12, and 13 of the Income Tax Act were amended, with retroactive effect to July 1, 1942. Said amendments operated to impose, *on every person not a resident who is not a citizen of Puerto Rico,* a normal tax of 28 per cent on the amount of the net income.

The plaintiff alleged that the provisions of said amendments are illegal, unconstitutional, and void (a) because they impose on the withholding bank, retrospectively, an obligation which is impossible of performance, since the dividends were distributed on July 1, 1942, or 5 months before the enactment of the said amendments; and (b) because they discriminate between nonresidents who are not citizens of Puerto Rico, on whom a normal tax of 28 per cent is imposed, and the citizens of Puerto Rico, who are only subject to a 5 per cent tax on the net income.

3. Among the stockholders of South Porto Rico Sugar Company there are several foreign corporations or partnerships which have not been authorized to do business in Puerto Rico. The trustee bank deducted and withheld in the case of those corporations 20 per cent of their respective dividend allotments in accordance with §§ 28(a) and 35 of Act No. 23 of 1941 (Laws of 1941, p. 80), whereby foreign corporations are subjected to a tax of 20 per cent on their net income and domestic corporations to a tax of 18 per cent. Act No 20 of December 3, 1942, amended said Sections, with retroactive effect to July 1, 1942, by increasing the tax rates to 22 per cent and 20 per cent, respectively.

The plaintiff challenged the validity and constitutionality of all the above-mentioned legal provisions and prayed that

they be declared void and that the Treasurer of Puerto Rico be enjoined from collecting, and the Banco Popular de Puerto Rico be enjoined from paying, the taxes in question at the rates fixed by the aforesaid laws.

The Treasurer filed a lengthy answer, and set up as special defenses, that the complaint did not state facts sufficient to constitute a cause of action, and that the court lacked jurisdiction of either the person of the Treasurer or the subject matter of the action. After the case was submitted upon the pleadings, the lower court rendered judgment dismissing the complaint. The plaintiff thereupon took the present appeal.

■ From a careful examination of the averments of the complaint, it may be seen that the plaintiff complains of collections made by the Treasurer under the legislation whose constitutionality is challenged in this proceeding, without alleging that the payment of the sums claimed by the Treasurer was made under protest. The plaintiff further complains against the attitude of the Treasurer and alleges that that official insists on applying the statute as now worded and on giving it retroactive effect to July 1, 1942. As against the acts already performed by the Treasurer no relief is sought. As against those which he may carry out in the future, under the provisions of the challenged legislation, the remedy of injunction is specifically prayed for.

We agree with the lower court that none of the equitable considerations are present in this case which would justify the issuance of a writ of injunction to prevent the collection of taxes. The payment under protest and the making of a claim for refund through a complaint filed with the Tax Court of Puerto Rico constitute an adequate and sufficient legal remedy available to the taxpayer for his protection. And it is a well-known principle of jurisprudence that injunction does not lie where an adequate legal remedy exists.

■■ Nor did the lower court err in holding that in this case there is no real controversy which might serve as a

840

basis for a declaratory judgment. As was said in *Mayagüez Light, Power & Ice Co. v. Buscaglia, Treasurer,* 59 P.R.R 706, 710, "A declaratory judgment will not be granted to determine the viewpoint to be adopted by another tribunal or an administrative board or officer, as to questions of law which may be involved in matters pending before said tribunal, board, or officer." Taxpayers should not ordinarily be permitted to by-pass the Tax Court by utilizing the device of petitioning for a declaratory judgment in the district court. The lower court made proper use of its discretion in dismissing the complaint. *Power Electric Co., Inc. v. Buscaglia, Treasurer,* 63 P.R.R. 945; *Mayagüez Sugar Co. v. Court of Tax Appeals,* 60 P.R.R. 737; *Miles Laboratories v Federal Trade Commission,* 140 F.(2d) 683.

The judgment appealed from will be affirmed.