596 F.2d 1381
 1979-1 Trade Cases 62,710
 STANDARD OIL COMPANY OF CALIFORNIA, Plaintiff-Appellant,
v.
FEDERAL TRADE COMMISSION, Lewis A. Engman, Chairman; Paul
Rand Dixon, Member, Mayo J. Thompson, Member, Mary
Elizabeth Hanford, Member, Stephen A.
Nye, Member, Defendants-Appellees.
 No. 75-3678.
 United States Court of Appeals,
Ninth Circuit.
 May 18, 1979.
 
 George A. Sears, San Francisco, Cal., for plaintiff-appellant.
 Michael Kimmel, Washington, D. C., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before ELY, CARTER and TANG, Circuit Judges.
 TANG, Circuit Judge.
 
 
 1
 Standard Oil Company of California (SOCAL) appeals from a judgment dismissing an action in which SOCAL sought review of certain aspects of the Federal Trade Commission's (FTC) decision to issue an administrative complaint under § 5(b) of the Federal Trade Commission Act, 15 U.S.C. § 45(b) (1970) (amended Supp. V 1975). The issue raised is to what extent the provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (1976), allow the district court to review the FTC's stated determination that it has "reason to believe" that SOCAL is engaged in monopolistic practices in violation of law. Under 15 U.S.C. § 45(b), this "reason to believe" determination is a prerequisite to the issuance of an FTC complaint.[1] We conclude here that what constitutes "reason to believe" is unreviewable because the "reason to believe" determination is committed to the FTC's discretion. However, we also conclude that the issue whether the FTC did or did not in fact make a "reason to believe" determination is reviewable.
 
 FACTS
 
 2
 Because SOCAL's complaint was dismissed for failure to state a claim upon which relief can be granted, the following facts alleged in SOCAL's complaint must be accepted as true. East Oakland-Fruitvale Planning Council v. Rumsford, 471 F.2d 524, 527 (9th Cir. 1972).
 
 
 3
 In December 1971, the FTC issued a resolution stating its intention to investigate whether the petroleum industry was engaged in unfair trade practices. Seventeen months passed and the FTC made no apparent effort to investigate SOCAL either through examination of its officers or employees or through review of corporate records. Then, on May 31, 1973, Senator Henry M. Jackson, Chairman of the Senate Interior and Insular Affairs Committee and of the Permanent Investigation Subcommittee of the Senate Committee on Government Operations, sent a letter to FTC Chairman, Lewis A. Engman, requesting that, within 30 days, the FTC provide a report on the relation between the petroleum and related industries and the current and prospective shortages of petroleum products. One day after the letter was sent, the FTC issued subpoenas to three SOCAL officers and shortly thereafter on July 6, 1973, the FTC issued SOCAL a subpoena duces tecum to produce certain corporate books and records.
 
 
 4
 On July 6, 1973, the FTC also responded to Senator Jackson's request for a report by transmitting to him an undated document entitled "Preliminary Federal Trade Commission Staff Report on Its Investigation of the Petroleum Industry." Chairman Engman's letter accompanying the report stated: "This report has not been evaluated or approved by the Commission, and the findings and conclusions contained in the report do not necessarily reflect the views of the Commission."
 
 
 5
 On July 13, Senator Jackson released the preliminary FTC report for publication as a committee print. In the week following, the FTC issued complaint number 8934 charging SOCAL and seven other oil companies with various antitrust violations. However, just two days prior to Senator Jackson's release of the report for publication, Chairman Engman had warned that publication of the report would be "inconsistent with (the FTC's) duty to proceed judiciously and responsibly" in determining what, if any, further action should be taken by the FTC.
 
 
 6
 Prior to the filing of its district court complaint, SOCAL sought relief in the administrative proceeding. In January 1974, SOCAL filed a motion in the FTC proceeding for dismissal of the complaint without prejudice. It argued that Congressional pressure alone had led to the premature termination of the FTC investigation and that the FTC had issued the complaint without "reason to believe" SOCAL had committed a violation. In February, after an administrative law judge certified SOCAL's motion to the FTC, the motion was denied. Later the FTC refused SOCAL's motion for reconsideration.
 
 
 7
 This action was filed in May 1975. SOCAL prayed that the district court compel the FTC to withdraw or dismiss the administrative complaint. SOCAL claimed that the FTC had arbitrarily and capriciously issued the complaint without facts sufficient to warrant a reasonable belief that SOCAL had violated the law. SOCAL also claimed that, in deciding to issue the complaint, the FTC had improperly considered Congressional pressure and legally irrelevant political and economic factors.
 
 
 8
 SOCAL also pleaded other facts to support its claim that the agency lacked "reason to believe" SOCAL had violated the Act. For example, counsel for the FTC was unable to provide a satisfactory list of witnesses or documents as ordered by the administrative law judge. Apparently, the FTC did not have even one proposed witness to be called in the proceeding. Also, in light of the FTC's discovery problems, the administrative law judge had recommended in October 1974 that the FTC withdraw the complaint pending further investigation. The FTC rejected this suggestion.
 
 
 9
 In sum, SOCAL claimed that the FTC had abused its power to issue complaints under 15 U.S.C. § 45(b). The district court, however, dismissed SOCAL's action on grounds that it did not have authority to inquire into what constituted "reason to believe" under 15 U.S.C. § 45(b).
 
 DISCUSSION
 
 10
 SOCAL argues that it is entitled to relief under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. The FTC is an agency subject to the APA. United States v. Morton Salt Co., 338 U.S. 632, 644, 70 S.Ct. 357, 94 L.Ed. 401 (1950). Moreover, as SOCAL pleaded, the district court had jurisdiction under 28 U.S.C. § 1331. See Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).
 
 
 11
 Nevertheless, the FTC claims that the issuance of the administrative complaint is not within the purview of the APA because it is not "agency action" under 5 U.S.C. §§ 551(13) and 702.[2] We disagree. The language of § 551(13) admits of the interpretation that the subsection is illustrative rather than exclusive. Moreover, Congress has manifested its intent that the APA cover a "broad spectrum of administrative actions." Abbott Laboratories v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). Consequently, the APA's generous review provisions are given a hospitable interpretation. Id. at 140-41, 87 S.Ct. 1507. There is also a presumption of judicial review under the APA unless there is clear and convincing evidence that Congress intended to foreclose review of a final agency action either by a specific statute or by committing action to agency discretion. See, e. g., Morris v. Gressette, 432 U.S. 491, 500-01, 97 S.Ct. 2411, 53 L.Ed.2d 506 (1977); Dunlop v. Bachowski, 421 U.S. 560, 567, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975); Abbott Laboratories v. Gardner,supra, 387 U.S. at 140, 87 S.Ct. 1507; Washington v. United States Environmental Protection Agency, 573 F.2d 583, 587 (9th Cir. 1978); Montana Chapter of Association of Civilian Technicians, Inc. v. Young, 514 F.2d 1165, 1168 (9th Cir. 1975). Therefore, the relevant question is not whether the FTC's issuance of complaint number 8934 is "agency action" as to SOCAL for almost any act an agency takes can be "agency action" but whether, under the APA, it is reviewable agency action. The latter inquiry triggers the following questions: first, whether a statute precludes judicial review, 5 U.S.C. § 701(a)(1); second, whether agency action is committed to agency discretion by law, 5 U.S.C. § 701(a)(2); and, third, whether there is final agency action for which there is no adequate judicial remedy other than review under the APA.[3]
 
 
 12
 There is no statute precluding judicial review of the FTC's determination that there is "reason to believe" the charged party has violated the law. Therefore, inquiry proceeds to whether the "reason to believe" determination lies entirely within the FTC's discretion. 5 U.S.C. § 701(a)(2). The APA's exception for actions committed to agency discretion applies " in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.' " Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971). When no law fetters the exercise of discretion, the courts have no standard by which to measure the lawfulness of agency action, and consequently, the action is not susceptible of judicial review. City of Santa Clara v. Andrus, 572 F.2d 660, 666 (9th Cir. 1978), Cert. denied, --- U.S. ----, 99 S.Ct. 177,58 L.Ed.2d 167 (1978).
 
 
 13
 Under this standard, a determination by the FTC that there is "reason to believe" a violation of law has occurred is within the agency's discretion and not reviewable in the district court under the APA. In Hills Bros. v. Federal Trade Commission, 9 F.2d 481, 483-84 (9th Cir.), Cert. denied,270 U.S. 662, 46 S.Ct. 471, 70 L.Ed. 787 (1926), this Court stated that a determination that an FTC complaint would be in the public interest, like the determination that there is "reason to believe" the law has been violated, lies within the FTC's discretion. Later case law upholds the validity of this early statement. Section 5 of the Federal Trade Commission Act is a broad delegation of power by Congress to the FTC. The Act empowers the FTC to determine in the first instance whether a method of competition or an act or practice is unfair. See, Atlantic Refining Co. v. Federal Trade Commission, 381 U.S. 357, 367, 85 S.Ct. 1498, 14 L.Ed.2d 443 (1965); United States v. Morton Salt Co., supra, 338 U.S. at 640-41, 70 S.Ct. 357. The necessary companion to the FTC's power to develop in the first instance the meaning of the statutory term "unfair" is the power to determine whether there is "reason to believe" that a party is engaged in "unfair" conduct. Judicial intervention in this legitimate decision making process would serve only to hamper or thwart the FTC's exercise of the power granted to it by Congress.
 
 
 14
 However, the facts alleged in SOCAL's complaint do not allow inquiry to end with our conclusion that the determination of what constitutes "reason to believe" is committed to the FTC's discretion. The rule of Citizens to Preserve Overton Park, Inc. v. Volpe, supra, provides that judicial review is foreclosed when there is no law to apply in a "given case." Accordingly, a complaint in a given case must be examined to see whether it raises claims for which there is law to apply. Strickland v. Morton, 519 F.2d 467, 471 (9th Cir. 1975). In this respect, the courts will review an agency action when the alleged abuse of discretion is the violation of "constitutional, statutory, regulatory or other legal mandates or restrictions." Ness Investment Corp. v. United States Department of Agriculture, 512 F.2d 706, 715 (9th Cir. 1975). See also City of Santa Clara v. Andrus, supra, 572 F.2d at 666. Such issues must be reviewed "though other aspects of the agency action may be committed to the agency's expertise and discretion." East Oakland-Fruitvale Planning Council v. Rumsford, supra, 471 F.2d at 533.
 
 
 15
 Under the above standard, there is a reviewable issue in this case. A restriction on the FTC's discretion is embodied in the very terms of 15 U.S.C. § 45(b). The FTC must first in fact make a "reason to believe" determination that the law has been violated. See Hunt Foods and Industries, Inc. v. Federal Trade Commission, 286 F.2d 803, 806 (9th Cir.), Cert. denied, 365 U.S. 877, 81 S.Ct. 1027, 6 L.Ed.2d 190 (1961). The restriction provides "law to apply" in this case because SOCAL claims that the FTC disregarded the restriction and acted outside the terms of the statute. SOCAL claims that FTC complaint number 8934 was hurriedly issued with hardly any pre-complaint investigation of SOCAL and under the pressure of outside influences. In short, SOCAL claims that the FTC did not make and, in the circumstances, could not have made the "reason to believe" determination despite a recitation on the face of the FTC complaint that the determination had been made.
 
 
 16
 The allegations in SOCAL's complaint and the reasonable inferences from the allegations support SOCAL's claim. As alleged, no investigation of SOCAL occurred for 17 months after the FTC had resolved to investigate the petroleum industry. Then, immediately after the reception of Senator Jackson's request, the FTC took the testimony of three SOCAL officers. Shortly thereafter, the FTC subpoenaed SOCAL records. But at the same time the subpoena issued, the FTC sent Congress a report which, as FTC Chairman Engman expressly stated, had not been evaluated or approved by the FTC. Chairman Engman also stated that publication of the report would be inconsistent with the FTC's duty to proceed judiciously and responsibly. Nonetheless, within a few days of publication, complaint number 8934 issued naming SOCAL as a respondent. All the above described events occurred in the brief period May 30 to July 18, 1973. Moreover, after administrative proceedings on the complaint had commenced, the FTC ran into severe discovery difficulties. This led the administrative law judge to suggest that the FTC might wish to consider dismissing the complaint so that a fuller investigation could take place.
 
 
 17
 Considering the alleged timing and circumstances, SOCAL's allegations are sufficient to raise the claim that the FTC either acted without deliberation as to SOCAL or felt itself goaded into action by outside influences. Because FTC complaints should not issue other than as prescribed in 15 U.S.C. § 45(b), SOCAL's claims should be reviewed. However, we emphasize that review is limited. It cannot extend to an assessment by the district court of what constitutes "reason to believe" but simply whether the FTC disregarded the mandate and restriction of 15 U.S.C. § 45(b) by not even making a "reason to believe" determination at all.
 
 
 18
 If the district court finds as a fact that the FTC made the "reason to believe" determination albeit with outside pressures, then it can be concluded that the FTC has complied with 15 U.S.C. § 45(b) and further review would be foreclosed. If on the other hand the district court finds that the complaint was issued solely because of outside pressure or with complete absence of a "reason to believe" determination, then the FTC has not complied with the Act.
 
 
 19
 We must further determine whether there has been a "final agency action" as to SOCAL for which there is no adequate judicial remedy other than review under the APA. The finality element in 5 U.S.C. § 704 should be interpreted in a "pragmatic" way. Abbott Laboratories v. Gardner,supra, 387 U.S. at 149, 87 S.Ct. 1507. If possible, statutory finality requirements in general should not be construed so as "to cause crucial collateral claims to be lost and potentially irreparable injuries to be suffered." Mathews v. Eldridge, 424 U.S. 319, 331 n. 11, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). In this case, SOCAL has exhausted administrative remedies by raising its claim before the FTC. SOCAL is presently obligated to respond in administrative proceedings that allegedly have been initiated in an unlawful manner. Without review now, the alleged unlawfulness is likely to become insulated from any review. If SOCAL should prevail in the FTC proceedings, the claims raised now would become moot and, therefore, unreviewable. Moreover, assuming that a court of appeals could properly entertain SOCAL's present claims upon review of a cease and desist order under15 U.S.C. § 45(c), it is unlikely that the record of the completed administrative proceedings would be sufficient to determine the claims for the simple reason that the FTC has already rejected them on legal grounds and thus foreclosed SOCAL from developing relevant facts. Furthermore, an appellate court would proceed to consider only whether the FTC order is supported by the evidence and a reasonable legal theory, and, therefore, would have no reason to reach the issue raised by SOCAL of an unlawful complaint. 15 U.S.C. § 45(c); Atlantic Refining Co. v. Federal Trade Commission, supra, 381 U.S. at 367-68, 85 S.Ct. 1498. We therefore find that the issuance of the FTC complaint number 8934 was a "final agency action" as to SOCAL.
 
 CONCLUSION
 
 20
 The judgment of the district court is vacated and the case is remanded for proceedings consistent with this opinion.
 
 
 21
 JAMES M. CARTER, Circuit Judge, concurring and dissenting:
 
 
 22
 (1) I concur in that portion of Judge Tang's opinion holding that a determination by the Federal Trade Commission (hereafter "FTC") that there is "reason to believe" a violation of law has occurred, is within the agency's discretion and not reviewable in the district court under the Administrative Procedure Act (hereafter "APA"). (2) I dissent from the holding that there is reviewable by the court the question as to whether the FTC did or did not make a "reason to believe" determination. (3) I also dissent from the holding that FTC's action was "final action" and thus reviewable.
 
 
 23
 The Remand to Determine if the FTC Made a Determination
 
 
 24
 The opinion should have ended after point (1) above. In my opinion the discussion of the additional points (2) and (3) above referred to is foreclosed by what the majority decided as to the first point. If the "reason to believe" decision is not reviewable, then it seems wrong to me to decide whether the FTC did or did not make a "reason to believe" determination is reviewable. Had the first point been decided otherwise, namely, that the determination as to "reason to believe" a violation had occurred was reviewable, then, of course, it would follow there could be reviewed also the question as to whether or not the FTC did actually make a "reason to believe" determination. But since the majority held that the "reason to believe" decision was not reviewable but rested in agency discretion, it seems wrong to me to hold, as the majority does, as to the second point.
 
 
 25
 The government's brief demonstrates the rule that action by the FTC in starting a proceeding is agency action committed to agency discretion. The law is based upon the general theory of prosecutorial discretion and the APA exception for agency discretion. Thus judicial review of prosecutorial discretion in the administrative area is generally rejected, whether the agency's decision is for prosecution (E. g., Miles Laboratories, Inc. v. FTC, 50 F.Supp. 434 (D.D.C.1943), Affirmed, 78 U.S.App.D.C. 326, 140 F.2d 683, Cert. denied, 322 U.S. 752, 64 S.Ct. 1263, 88 L.Ed. 1582 (1944); Hills Bros. v. FTC, 9 F.2d 481 (9 Cir.), Cert. denied, 270 U.S. 662, 46 S.Ct. 471, 70 L.Ed. 787 (1926)), or whether the agency's decision is against prosecution (E. g., Vaca v. Sipes, 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) (NLRB) (dictum); Kixmiller v. SEC, 160 U.S.App.D.C. 375, 379, 492 F.2d 641, 645 (1974)).
 
 
 26
 In such cases the regularity of prosecutorial discretion is generally assumed. Only the most unusual and compelling circumstances, which must be specially pleaded, will permit inquiry into whether the prosecutor's conduct falls outside the discretion permitted to him and be subject to review. See Yick Wo v. Hopkins, 118 U.S. 356, 373-74, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); United States v. Steele, 461 F.2d 1148 (9 Cir. 1972). No such facts are pleaded in this case.
 
 
 27
 In Hills Bros. v. FTC, supra, this circuit held that notwithstanding the "reason to believe" standard in the FTC Act, the discretion of the FTC to issue complaints was no different from other generally nonreviewable prosecutorial determinations. It held it was not necessary for the FTC to list its specific grounds for its "reason to believe."
 
 
 28
 Although the APA was enacted in 1946, the provision for exceptions from judicial review "agency action . . . committed to agency discretion by law" was a restatement of existing law. See "Administrative Procedure Act, Legislative History," S.Doc. 248, 79th Congress, 2d Session, 229-30 (1946). Thus the principles set forth in Hills Bros. in 1926 were reaffirmed by Congress when it enacted the APA in 1946.
 
 
 29
 Finally, judicial review of whether FTC made a determination of "reason to believe," etc., would require courts to probe the mental processes of the Commissioners, a procedure disapproved in United States v. Morgan, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941).
 
 
 30
 The decision in the case at hand as to the second point, allowing review to determine if the FTC actually made a determination of "reason to believe," would open a can of worms and lead to various appeals of preliminary acts and orders. The decision is incorrect and inconsistent with the prior holding that the "reason to believe" decision is action committed to agency discretion and not reviewable by this court.
 
 
 31
 With the slight opening for review provided by the second point of this decision, I foresee that there will be attempts in every FTC proceeding to seek review of some preliminary matter. This could cripple FTC's ability to function.
 
 
 32
 I would hold that since determination of the "reason to believe" issue was committed to agency discretion and exempted from judicial review under 5 U.S.C. § 701(a)(2), and since nothing in plaintiff's district court complaint creates any genuine issue as to the regularity of the Commission's complaint, judicial review of the Commission's decision to issue the complaint is unwarranted and improper.
 
 Final Agency Action Under 5 U.S.C. § 704
 
 33
 The majority also holds that the action of the FTC was final agency action under 5 U.S.C. § 704 (point (3), Supra ). I disagree. The review of the Commission's proceedings should await the final action of the Commission.
 
 
 34
 In Gifford-Hill & Co. v. FTC, 173 U.S.App.D.C. 135, 137, 523 F.2d 730, 732 (1975), the court held that a "decision (by the FTC) to institute an adjudicatory proceeding is not an 'agency action' and most certainly not a 'final agency action' made reviewable by the (Administrative Procedure Act)." See also Miles Laboratories v. FTC, 78 U.S.App.D.C. 326, 328, 140 F.2d 683, 685, Cert. denied, 322 U.S. 752, 64 S.Ct. 1263, 88 L.Ed. 1582 (1944).
 
 
 35
 In Chamber of Commerce v. FTC, 280 F. 45 (8 Cir. 1922) the FTC filed a complaint alleging that the Commission had reason to believe that petitioners were engaging in unfair competition. The petitioners sought judicial review of the issuance of the complaint. The court of appeals held that "neither the District Court nor this court has power under the act (FTC) to interfere with the investigation and inquiry of the Commission" (Id., p. 48), and dismissed the action. The court's holding was specifically approved by the Supreme Court in Petroleum Exploration, Inc. v. Public Service Comm'n, 304 U.S. 209, 222, n. 21, 58 S.Ct. 834, 82 L.Ed. 1294 (1938) and in Federal Power Comm'n v. Edison Company, 304 U.S. 375, 385, 58 S.Ct. 963, 82 L.Ed. 1408 (1938).
 
 
 36
 Plaintiff contends that the issue of the administrative complaint should be treated as "final" under 5 U.S.C. § 704 and that exhaustion of administrative remedies should not be required, because, in the absence of judicial review at the preliminary stage, the validity of the issuance of the administrative complaint cannot later be reviewed or becomes moot. Plaintiff contends that if the complaint is ultimately dismissed by the Commission, there would be nothing to review; that if the proceedings ultimately result in a cease and desist order, a review is limited to the validity of that order and does not extend to the propriety of the issuance of the underlying complaint, citing Hills Bros. v. FTC, supra (9 F.2d at 484). Thus plaintiff argues that the issuance of the administrative complaint should be deemed "final" for review purposes because, otherwise, there would be "no adequate remedy in a court" for a review of the matter.
 
 
 37
 The contention is without merit. The issuance of the complaint is a preliminary agency determination and not "final" in any effective sense. Plaintiff's argument is based on a misconception of the purpose and meaning of the "no other remedy" provision in 5 U.S.C. § 704. That provision or condition was not intended to convert preliminary agency decisions that otherwise become moot into final agency actions in order to afford judicial review. Rather, it is designed to exempt "final agency action" from judicial review under the APA if there is an adequate alternative legal remedy. See, e. g., Warner v. Cox, 487 F.2d 1301, 1304 (5 Cir. 1974). See generally Richfield Oil Corporation v. United States, 207 F.2d 864, 869, 870 (9 Cir. 1953).
 
 
 38
 Plaintiff's remedy, which is an adequate one, is to test the validity of the final effective agency action. The cease and desist order is subject to judicial review and the findings of the Commission must be supported by substantial evidence.
 
 
 39
 Plaintiff is seeking an exception to the rule requiring exhaustion of administrative remedies. APA's limitation of judicial review to cases involving "final agency action" is a codification of the "exhaustion" rule. The rule is justified by "very practical notions of judicial efficiency . . . ." McKart v. United States, 395 U.S. 185, 194, 195, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194 (1969).
 
 
 40
 Legal expenses in pursuing defenses to administration action (or remedies) is not a sufficient reason to avoid the exhaustion requirement. Petroleum Exploration Inc., supra (304 U.S. 209, 222, 58 S.Ct. 963, 82 L.Ed. 1408).
 
 
 41
 "To permit judicial review . . . of every procedural, preliminary and interlocutory order or ruling by which a person may consider himself aggrieved, would afford opportunity for constant delays . . . and would render orderly administrative proceedings impossible. Moreover, it would result in bringing to the courts such an avalanche of trivial procedural questions as largely to monopolize their time and energies." Utah Fuel Co. v. National Bituminous Coal Comm'n, 69 App.D.C. 333, 339, 101 F.2d 426, 432 (1938).
 
 
 42
 Exceptions to the exhaustion doctrine apply only in "very unusual and limited circumstances," Lone Star Cement Corp. v. FTC, 339 F.2d 505, 510 (9 Cir. 1964); and require, for one thing, a showing of substantial prejudice, I. e., "irreparable injury." Renegotiation Board v. Bannercraft Co., 415 U.S. 1, 24, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974); McKart v. United States, supra (395 U.S. at 197, 89 S.Ct. 1657) (incarceration). No irreparable injury to plaintiff is shown in this case.
 
 
 43
 The decision should be limited to the first point referred to above. I would affirm on that basis alone.
 
 
 
 [1]
 Section 5(b) of the Federal Trade Commission Act, 15 U.S.C. § 45(b) (1970) (amended Supp. V 1975), provides as relevant:
 Whenever the Commission shall have reason to believe that any . . . corporation has been or is using any unfair method of competition or unfair or deceptive act or practice in commerce . . . it shall issue and serve upon such . . . corporation a complaint stating its charges in that respect and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint.
 
 
 [2]
 The cited statutes provide as relevant:
 "(A)gency action" includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act.
 5 U.S.C. § 551(13).
 A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.
 5 U.S.C. § 702.
 
 
 [3]
 The cited statutes provide as relevant:
 This chapter (5 U.S.C. §§ 701-706) applies, according to the provisions thereof, except to the extent that
 (1) statutes preclude judicial review; or
 (2) agency action is committed to agency discretion by law.
 5 U.S.C. § 701(a).
 Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.
 5 U.S.C. § 704.