**DEERE & COMPANY, Plaintiff,**

v.

**Terry L. VAN NATTA, Defendant.**

**Civ. No. C–85–1040–G.**

United States District Court,
M.D. North Carolina,
Greensboro Division.

Oct. 20, 1986.

Bynum M. Hunter, Smith, Moore, Smith, Schell & Hunter, Greensboro, N.C., Theodore R. Scott, Keith V. Rockey, Chicago, Ill., for plaintiff.

Douglas P. Dettor, Greensboro, N.C., James J. Hill, Emrich & Dithmar, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This diversity of citizenship action arose when Plaintiff Deere & Company (hereinafter "Deere"), a Delaware corporation with its principal place of business in Illinois, sued its former North Carolina employee, Defendant Terry L. Van Natta, for specific performance of an employee contract. The Plaintiff also requested injunctive and declaratory judgment relief from the court. Mr. Van Natta moved for dismissal of this action on May 19, 1986, and Deere requested summary judgment on May 29, 1986. Both parties have subsequently filed responses and reply briefs, and on June 16, 1986, the court indicated that it would treat the Defendant's motion also as one for summary judgment, as it relies on matters and documents outside of the pleadings.

### Factual Background [1]

Deere hired Mr. Van Natta to work as an engineer and inventor in its plow and planter works department in December of 1973. At that time he signed an employment agreement by which he agreed to assign to Deere all rights, title and interest in his inventions or improvements, and by which he also agreed to assist the company "in every proper way to obtain patents for such inventions and improvements ... and to execute all papers for use in applying for and obtaining such patents."

In 1982 during the course of his employment, and in particular during his work with conservation planters, Mr. Van Natta submitted to the Deere patent department invention disclosures describing his cushion furrower with depth control, and his planter coulter and fertilizer opener. In August of 1984 Richard L. Fix, a patent lawyer employed by Deere, sought and received Van Natta's review of and comments upon a draft patent application, and additionally sent to Van Natta, for his review, copies of preliminary drawings of one of the inventions. In November 1984 Fix asked the Defendant to sign the patent applications' declaration and assignment. However, the attorney received no further communications from Van Natta after August 1984, for reasons that are only tangentially relevant to this opinion, in that they represent a deterioration of relations between Deere and the Defendant.

Van Natta's employment with Deere was eventually terminated in January of 1985, and on March 29, 1985, Fix submitted the patent applications to the U.S. Patent and Trademark Office without the Defendant's declaration. In a May 1985 letter to Fix, Van Natta explained that he refused to sign the two patent applications as requested because he believed that the machines had been publicly disclosed more than one year before the patent application was filed, which disclosure would bar the patent under 35 U.S.C. § 102(b). Van Natta explained that for this reason he felt he would be committing perjury to execute the patents. He further stated his belief that he and other engineers had been led, by Deere's management and legal counsel, to participate in a cover-up of this public use, and had been "counselled to act improperly and probably illegally on a continuing basis." Deere subsequently filed this action on August 26, 1985.

### Discussion

In this suit the Plaintiff Deere seeks: (1) a judicial declaration that the subject mat-

---

1. The court's factual summary is taken from the numerous pleadings, affidavits, depositions, and exhibits filed by the parties.

ter of these Van Natta inventions patent applications were not in public use more than one year before the applications were filed; (2) an order that Mr. Van Natta execute the requested declaration to accompany the filing of these applications; and (3) an order prohibiting Mr. Van Natta from making any further representations to anyone that these inventions were in public use as he has alleged. Plaintiff alleges that summary judgment is appropriate on all three elements of its complaint.

Federal Rule of Civil Procedure 56(c) permits the court to grant summary judgment only if the pleadings, depositions, interrogatory answers, admissions, and affidavits show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The burden is on the moving party to make such a showing, and the court must assess the inferences from the depositions and other documentary materials in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Having viewed the pleadings and supporting documents in the light most favorable to Mr. Van Natta, the court concludes that it would be inappropriate to grant summary judgment to Deere on the issues stated *supra.*

The primary issue that Plaintiff seeks to have resolved by this litigation is whether there was a public use of the inventions in question more than one year before the patent applications were filed, as such a use would bar the patents under 35 U.S.C. § 102(b). Plaintiff's other claims depend upon the resolution of this issue. A decision that there was no public use would also benefit Deere in the patent application process, and could deter other future litigants from raising this as a defense or a challenge in claims involving these inventions and patents. However, the court is persuaded that the Defendant has properly characterized the appropriate issue in this case as whether Van Natta's refusal to sign the declarations was one made in good faith, not whether the inventions were in public use. *See Guth v. Minnesota Mining and Manufacturing Co.,* 72 F.2d 385, 391 (7th Cir.), *cert. denied,* 294 U.S. 711, 55 S.Ct. 506, 79 L.Ed. 1245 (1934).

■ It is well established that the granting of a declaratory judgment rests in the sound discretion of the trial court. The declaratory judgment act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so. *Public Affairs Associates, Inc. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962); *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 499, 62 S.Ct. 1173, 1174, 1177, 86 L.Ed. 1620 (1942). It is always the court's duty to strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2759 (1983). A declaratory judgment is often requested in patent law litigation. The action is most commonly brought by one who is engaged in the manufacture and sale of the disputed product, and who has a basis for reasonable apprehension that the patentee will claim infringement. This "reasonable apprehension" is a main factor in the critical issue in patent litigation of whether there is an actual controversy between the parties. *Id.* § 2761 at 676–82.

Neither party contends that Defendant Van Natta has a financial interest, much less a manufacturer's or seller's interest, in these inventions. Rather, the Plaintiff seeks to litigate the public use issue with one who has assigned away his interest in any patents resulting from these inventions. Deere contends that Mr. Van Natta, having refused to sign the declaration on the grounds that he believed there had been a violative public use, should now have to litigate the public use issue. The court disagrees, and is persuaded that the proper question before it, if any, is whether the Defendant's refusal was based on a good faith reasonable belief, not whether it was based upon a characterization with which a court would ultimately agree.

■ A declaratory judgment is an equitable remedy, and thus other considerations of equity may be interposed. *PPG*

*Industries, Inc. v. Continental Oil Company*, 478 F.2d 674, 680 (4th Cir.1973). It would be inequitable to put Mr. Van Natta to the further expense of litigating this patent validity issue, in a case which has already generated numerous pleadings. Further, even though the courts are permitted to grant declaratory relief when another adequate remedy exists, it should not be granted where a special statutory proceeding has been provided. *Katzenbach v. McClung*, 379 U.S. 294, 296, 85 S.Ct. 377, 379, 13 L.Ed.2d 290 (1964). The court recognizes that it may preside over patent law issues before they have been decided in the Patent and Trademark Office (PTO). However, it is also undisputed that the PTO examiners' decisions ultimately may be appealed to the Federal Circuit Court of Appeals. Based upon these equitable and procedural considerations, the court concludes that it would be inappropriate to issue a declaratory judgment on the public use issue.

■ The court having reached this conclusion, it could not order Mr. Van Natta, as requested by Deere, to sign the declaration which would indicate that he believed there are not bars to the patent applications. Furthermore, as the Plaintiff acknowledges, such an order would not be necessary even were the court to determine the public use issue, since "Deere's filing of the patent applications on his inventions under the alternative filing provisions of the patent act (35 U.S.C. § 118), coupled with Van Natta's admission that Deere owns whatever patent rights may exist in any inventions that were made by him while he was employed by Deere (citation omitted), makes issuance of such an order unnecessary." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, pp. 5–6.)

Thus, granting the relief Deere seeks would have no practical effect, Defendant's refusal to sign having been rendered moot by Plaintiff's use of the alternate filing provisions of the patent act. Stated differently, Plaintiff asks this court to render what amounts to an "advisory opinion" on an issue not directly before it. It is well settled that a federal court may not adjudicate a question that has been rendered moot or issue an advisory opinion. Upholding the validity of the federal declaratory judgment act, Chief Justice Hughes stated:

A 'controversy' in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937) (citations omitted). This court finds that Plaintiff's framing of this action is precisely the type of dispute that Chief Justice Hughes described as non-justiciable by the federal courts.

■ As to Deere's third prayer for relief, in which the Plaintiff requests an order that Mr. Van Natta cease and desist from any further statements that the subject matter of the patent applications was publicly disclosed or offered for sale in violation of the patent laws, the court would not grant this reilef even if the court were to accept further litigation on the public use issue, which Plaintiff concedes would have to be determined in its favor before the court could consider an order restraining Defendant's alleged statements. Such an order would violate Mr. Van Natta's first amendment rights, and constitute an unconstitutional prior restraint and prohibition on his speech. *See Southeastern Promotions Limited v. Conrad*, 420 U.S. 546, 558, 95 S.Ct. 1239, 1246, 43 L.Ed.2d 448 (1975).

■ Last, the court will grant Mr. Van Natta's motion for summary judgment. Having reviewed the pleadings and supporting documents in a light most favorable to the Plaintiff, the court concludes

that Mr. Van Natta acted in good faith and on a reasonable belief when he refused to sign the declaration as requested by Deere.[2] The Plaintiff contends that all of Mr. Van Natta's testimony as to the basis for his belief that there was a public use in violation of the patent laws would be inadmissible at trial as hearsay, and therefore cannot be relied upon for summary judgment. However, it is apparent that at least part of Mr. Van Natta's affidavit and deposition was based upon his own personal knowledge and his presence at the time the machines were being used in the way that he contends was a public use. Statements by others would not go to the issue of whether there had actually been a public use, but rather to the basis for Defendant's belief that he would be committing perjury to sign the declaration. Further, whether or not this is a case in which the federal circuit would find that there had been public use, Mr. Van Natta and his patent attorney did not act unreasonably in basing their opinion on the federal circuit's opinion on the public disclosure or commercial usage issue in *Kinzenbaw v. Deere & Co.,* 741 F.2d 383 (Fed.Cir.1984), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985). Thus, the court concludes that there is no genuine issue of material fact or of law on the question of Mr. Van Natta's good faith refusal to sign the declaration requested by Deere to accompany their application for patents on his inventions. For the foregoing reasons the court will deny Plaintiff's motion for summary judgment and will grant Defendant's motion for summary judgment.

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

---

**2.** Although summary judgment is generally disfavored in actions involving a party's mental state, summary judgment is appropriate in claims turning on state of mind when plaintiff's allegations are not sufficiently supported to establish the existence of a genuine issue of material fact. *See Hahn v. Sargent,* 523 F.2d 461 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); *Quinto v. Legal Times of Washington, Inc.,* 506 F.Supp. 554 (D.D.C.1981); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2730 (1983).