Roy LANGBORD, et al., Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE TREASURY, et al., Defendants.

United States of America, Third–Party Plaintiff,

v.

Ten 1933 Double Eagle Gold Pieces, Third–Party Defendant-in-rem.

Civil Action No. 06–5315.

United States District Court, E.D. Pennsylvania.

July 5, 2011.

Walter M. Phillips, Jr., Kevin J. Kotch, Obermayer Rebmann Maxwell & Hippel LLP, Philadelphia, PA, Barry H. Berke, Eric Tirschwell, Robin M. Wilcox, Theodore S. Hertzberg, Kramer Levin Naftalis & Frankel LLP, New York, NY, for Plaintiffs.

Jacqueline Christine Romero, J. Alvin Stout, III, Margaret L. Hutchinson, Nancy Rue, U.S. Attorney's Office, Michael L. Levy, Assistant U.S. Attorney, Philadelphia, PA, for Defendants/Third–Party Plaintiff.

Barry H. Berke, Eric Tirschwell, Kramer Levin Naftalis & Frankel, New York, NY, Kevin J. Kotch, Obermayer Rebmann Maxwell & Hippel, Philadelphia, PA, for Third–Party Defendant-in-rem.

## ORDER

LEGROME D. DAVIS, District Judge.

AND NOW, this 5th day of July, 2011, upon consideration of Claimants Joan, Roy, and David Langbord's Memorandum of Law with respect to the Declaratory Judgment Claim: In Response to the Government's Argument Concerning Jury Trial Right and in Support of Motion for Judgment on the Pleadings or Summary Judgment (Doc. No 169), and the United States's Response in opposition thereto (Doc. No. 173), the Court hereby DENIES the Langbords' Motion for Judgment and concludes that a jury trial right does not attach to the Government's declaratory judgment claim.

## I. Availability of Declaratory Judgment

█ In an exercise of its discretion, district court may grant declaratory relief in accordance with the following statutory provision:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). The Federal Rules of Civil Procedure further provide that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Fed.R.Civ.P. 57. Despite the broad nature of these provisions, declaratory relief

"should not be granted where a special statutory proceeding has been provided." *Katzenbach v. McClung,* 379 U.S. 294, 296, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964).

The Langbords challenge the United States's ability to bring a claim under the Declaratory Judgment Act on the ground that the Civil Asset Forfeiture Reform Act (CAFRA) is a special statutory proceeding that precludes concurrent declaratory relief. According to the Langbords, although no court has held that CAFRA provides a special statutory remedy, its "very specific steps, time-frames, burdens, remedies and limitations governing the government's ability to forfeit" property, and 18 U.S.C. § 981's "careful listing of what property is subject to forfeiture, as well as a number of procedural and substantive provisions related to civil forfeiture" mean that a CAFRA proceeding qualifies. (Doc. No. 169–1, at 13.)

The 1937 Notes of the Advisory Committee on Federal Rule of Civil Procedure 57 provides the basis for the restriction upon which the Langbords rely. It states that "[a] declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case." The Third Circuit has cited E. Borchard, *Declaratory Judgments* 342–46 (2d ed.1941) as the relevant treatise discussing special state and federal statutory proceedings within the ambit of the Committee Note. *See Lac D'Amiante du Quebec, Ltee v. American Home Assur. Co.,* 864 F.2d 1033, 1042 n. 11 (3d Cir. 1988). Borchard concluded that "special statutory proceeding" denotes a procedure that is intended as the exclusive means for adjudicating a particular category of case (e.g., income tax assessment cases or workers' compensation claims):

It has already been noted that the declaratory action was not designed to interfere with the jurisdiction of special courts, but that on the contrary courts within their respective jurisdictions over persons and subject-matter were authorized by the Declaratory Judgment Acts to render declaratory judgments. Thus, when a probate court has jurisdiction over the construction of wills and matters of guardianship, it was not intended that courts of general jurisdiction should oust the jurisdiction of such special tribunals. In analogy thereto, where a special statutory procedure has been provided as an exclusive remedy for the particular type of case in hand, such as income tax assessment, tax abatement, workmen's compensation, unemployment compensation, annulment of a bigamous marriage, that specific recourse must be followed. Thus, a court should not by declaratory judgment ordinarily interfere with the jurisdiction of an administrative commission, especially where the statute is not ambiguous and where the jurisdiction of the committee depends on a jurisdictional fact ... which the commission must in first instance determine.

Borchard, *Declaratory Judgments* 342–43.

Consistent with Borchard's understanding, since the enactment of the Declaratory Judgment Act, courts have recognized only a few of categories of cases as "special statutory proceedings" for purposes of the Advisory Committee's Note, including (1) petitions for habeas corpus and motions to vacate criminal sentences, *e.g., Clausell v. Turner,* 295 F.Supp. 533, 536 (S.D.N.Y. 1969); (2) proceedings under the Civil Rights Act of 1964, *e.g., McClung,* 379 U.S. at 296, 85 S.Ct. 377; and (3) certain administrative proceedings, *e.g., Deere & Co. v. Van Natta,* 660 F.Supp. 433, 436 (M.D.N.C.1986) (involving a decision on patent validity before U.S. patent examiners). Each of these categories involves procedures and remedies specifically tailored to a limited subset of cases.

By contrast, although CAFRA supplies the necessary statutory authority for the United States to seek to forfeit property that qualifies as an instrumentality or the proceeds of a crime, the statutory remedy does not apply to a subset of criminal matters and CAFRA cases are not adjudicated by administrative tribunals or courts of special jurisdiction. *See New York Times Co. v. Gonzales*, 382 F.Supp.2d 457, 478 (S.D.N.Y.2005) (rejecting the argument that a Rule 17(c) motion to quash proceeding qualified as a "special statutory proceeding" because it could arise in any criminal matter).

Moreover, even if CAFRA did typically provide a special statutory remedy, it does not do so in this case. *See McClung*, 379 U.S. at 296, 85 S.Ct. 377 (making exception to Civil Rights Act's special-statutory-provision status because a declaratory remedy was necessary). As the Court has remarked before, the United States plays two distinct roles here: As prosecutor, representing the people of the United States, it seeks to forfeit the proceeds of an alleged crime. But as the undisputed possessor and owner of the Double Eagles from the time they were stamped until the time they left the Mint, the United States attempts to reestablish legal title to property it claims it has always legally owned. Thus, although CAFRA could be considered the prosecutor's remedy, the forfeiture proceeding only resolves one of the two open questions in this case: were the Double Eagles stolen from the Mint and/or possessed by individuals who knew they were stolen, rendering them forfeitable under 18 U.S.C. § 641? If the United States does not meet its burden on the forfeiture count, whether the Langbords are the legal owners of the Double Eagles remains unanswered because a second question—did the Langbords ever obtain legal title to the Double Eagles by virtue of their leaving the Mint through authorized channels?—would remain. The declaratory judgment count provides a mechanism for determining the answer to the second inquiry, relevant because of the United States's second role as previous lawful owners—and, according the United States, perpetually lawful owners—of the Double Eagles.

The Langbords also argue that the United States's declaratory judgment claim adjudicates only past conduct, and should accordingly be dismissed. *See, e.g., Corliss v. O'Brien*, 200 Fed.Appx. 80, 84 (3d Cir.2006). The Court is not persuaded. To make this argument, the Langbords highlight that the Court has already determined that the Government improperly seized the Double Eagles without appropriate process. They argue that this Court's ruling on the United States's past conduct should prevent the Government from pursuing declaratory relief now, and to allow otherwise would amount to a reassessment of that past conduct. But the Court has already determined that the United States did not delay in seeking declaratory relief in bad faith, but merely "pursued a misguided legal strategy" (Doc. No. 131, at 12), a decision it will not revisit now. Moreover, as the United States points out, it seeks a declaration to determine rightful ownership, one that involves an examination of past conduct, but which will resolve pending—not past—questions of title.

The Court accordingly denies the Langbords' motion for judgment on the pleadings or summary judgment and concludes that, despite the CAFRA claim that the United States pursues and the Court's previous determination that triggered this forfeiture proceeding, the Government may seek declaratory relief.

## II. Jury Trial Right

Should the Court conclude that the declaratory judgment claim should remain

part of this litigation, as it has, the Langbords ask to try the claim to a jury. Because declaratory judgments were created as a remedy in the federal courts before the merger of law and equity, see 28 U.S.C. §§ 2201–2202, the Declaratory Judgment Act has a "neutral position on the jury trial," and "postmerger courts have found it necessary to preserve the distinction between law and equity." *Owens–Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir.1979). The "workable formula" is this:

> If the declaratory judgment action does not fit into one of the existing equitable patterns but is essentially an inverted law suit an action brought by one who would have been a defendant at common law[,] then the parties have a right to a jury. But if the action is the counterpart of a suit in equity, there is no such right.

*Id.* In other words, the Court must assess the basic nature of the issues involved in the case and determine if they would have arisen in law or equity had Congress not enacted the declaratory judgment act. *See, e.g., Wallace v. Norman Industries, Inc.*, 467 F.2d 824 (5th Cir.1972).

■ The United States's declaratory judgment claim fits into an equitable pattern: that of a quiet title action. In a quiet title action, a cloud upon title prevents the party who possesses property from possessing it free and clear of another's claim to it. Here, the Government possesses the coins and claims rightful ownership, but the Langbords' assertion that the Double Eagles legally belonged to Israel Switt and were legally inherited by the Langbord Claimants clouds the Gov-

ernment's title.[1] As quiet title actions are equitable in nature, no jury trial right attaches to them, and no jury trial right therefore attaches to the Government's declaratory judgment claim.

The test articulated *Owens–Illinois* mandates that Courts first determine whether a case "fit[s] into one of the existing equitable patterns," and, if not, requires an examination as to whether the case mirrors a legal action. Here, because the Government's claim fits into the quiet title pattern, the Court need not take the second step.

### III. Conclusion

The Court accordingly DENIES the Langbords' Motion for Judgment and concludes that a jury trial right does not attach to the Government's declaratory judgment claim.

---

**1.** The Court concludes that federal common law would apply to the Government's hypothetical quiet title action, meaning that whether Pennsylvania law limits quiet title actions to real property is of no import. *See Clearfield Trust Co. v. United States*, 318 U.S.

363, 63 S.Ct. 573, 87 L.Ed. 838 (1943). The United States has provided ample authority for the application of quiet title actions to personal property. (*See* Doc. No. 173, at 6 (citing, *e.g., Hoelzer v. City of Stamford*, 933 F.2d 1131, at 1135–36 (2d Cir.1991)).)